JOHN N. BALDWIN, Trustee, v. THE GERMAN INSURANCE COMPANY OF FREEPORT, ILLINOIS, Appellant.

105 379
s113 315

JOHN N. BALDWIN, TRUSTEE, v. THE NEW HAMPSHIRE FIRE INSURANCE COMPANY, Appellant.

**Insurance:** INCUMBRANCE: *Forfeiture.* Under a provision in a fire insurance policy that if the property is incumbered it must be so represented to the company, and expressed in the policy in writ-

ing, or the contract shall be void, the failure to inform the insurers of the existence of a mortgage renders the policy void.

VACANCY.   A provision in a fire insurance policy that the policy should be void and inoperative during the time the premises remain vacant, without the assent of the insurers, is valid, and during such time the policy is rendered void.

REVIVAL OF POLICY:   *Consideration.*   Where a fire insurance policy is rendered void by reason of a violation of its provisions, it is not revived by attaching thereto an agreement for the benefit of the mortgagee, without a new consideration therefor.

*Appeal from Pottawattamie District Court.*—HON. A. B. THORNELL, Judge.

THURSDAY, MAY 12, 1898.

ACTION at law to recover amounts alleged to be due on two fire insurance policies. The actions, by agreement of parties, were tried and submitted together. A jury was impaneled to try the issues presented by the pleadings, and when the evidence had been fully submitted the district court directed a verdict for the plaintiff in each case for the amount of the policy involved therein, with interest, and judgments were rendered upon the verdicts. The defendants appeal.—*Reversed.*

*McVey & McVey* for appellants.

*Wright & Baldwin* for appellee.

ROBINSON, J.—The policies in suit were issued in April, 1891, and each purported to insure MacConnell & Greene against loss or damage by fire to the amount of one thousand dollars on their warehouse, office, and barn, and two hundred and fifty dollars on their lime house, all situated on certain lots in an addition to Council Bluffs, for the term of five years. On the twenty-fifth day of January, 1893, local agents of the companies made indorsements upon or additions to the

policies which purported to transfer the insurance from the lime house to the warehouse, office, and barn, and thus to increase the insurance on the property last described, for which each policy provided, to one thousand two hundred and fifty dollars. On the thirteenth day of July, 1894, there was attached to each policy a mortgage clause, which provided, in terms, that any loss or damage which should arise under the policy should be payable to the plaintiff as trustee for the Council Bluffs Savings Bank. Two weeks later the property insured was destroyed by fire. These actions were brought to recover the amounts which the policies purport to insure.

The property insured is now, and has been since February, 1889, owned by S. P. MacConnell and M. T. Greene, and they constitute the firm of MacConnell & Greene. In the year 1888, MacConnell purchased the lots upon which the buildings destroyed were situated, and the buildings were erected thereon by the firm. In February, 1889, MacConnell conveyed an undivided one-half of the property to his partner, and in December, 1890, gave to him a quitclaim deed, which was also for an undivided half of the property. It appears, however, that one of the deeds was executed by mistake, and that each partner owned an undivided one-half of the property when the policies were issued and at the time of the fire. When MacConnell purchased the property, and before he conveyed any interest therein to Greene, he executed to John N. Baldwin a mortgage on the property to secure the payment of two thousand one hundred and thirty-seven dollars and fifty cents, and that mortgage has never been satisfied, nor has the mortgage debt been paid. On the twenty-second day of July, 1891, MacConnell & Greene executed to the plaintiff a trust deed, which included the property in question, and was designed to secure the payment of forty-seven thousand dollars, which have not been paid, and

his interest in the policies in suit is derived from that deed and the mortgage clause attached to each policy. On the twenty-third day of July, 1893, the property insured became vacant, and remained vacant continuously until destroyed as stated.

The policies do not appear to have been issued upon written applications. The policy of the German Insurance Company contained the following: "(2) * * * If the property above described is incumbered in any manner, it must be so represented to the company, and expressed in this policy in writing; otherwise this insurance contract shall be void and of no effect. * * *" "(5) When property insured by this policy * * * shall in any manner become incumbered * * * without the consent of the company indorsed hereon, * * * this policy shall at once cease to be binding against this company. * * *" "(15) This policy shall not cover unoccupied buildings, and, if the premises insured shall be vacated without the consent of this company indorsed hereon, * * * this policy shall cease and determine."

The mortgage clause attached to the policy contained the following: "Loss or damage, if any, under this policy, shall be payable to John N. Baldwin, trustee for Council Bluffs Savings Bank, as its mortgagee (or trustee), as interest may appear; and this insurance, as to the interest of the mortgagee (or trustee) only therein, shall not be invalidated by any act or neglect of the mortgagor or owner of the within described property. * * *" The policy of the New Hampshire Fire Insurance Company contains the following: "This policy shall be void if any material fact or circumstance stated in writing has not been fairly represented by the insured, * * * and this policy shall be inoperative during the existence or continuance of the acts or condition of things

stipulated against as follows: If, without such assent [the assent in writing or print of the company], the situation or circumstances affecting the risk shall, by or with the knowledge or advice, agency, or consent of the insured, be so altered as to cause an increase of such risk, * * * or if the premises hereby insured shall become vacant by the removal of the owner or occupant, and so remain vacant for more than thirty days without such assent. * * * If this policy is made payable to a mortgagee of the insured real estate, no act or default of any person, other than such mortgagee or his agents, or those claiming under him, shall affect such mortgagee's right to recover in case of loss on such real estate. * * *'' The mortgage clause attached to this policy was the same in form as that attached to the policy of the German Insurance Company. The MacConnell mortgage, given in the year 1888, was not referred to in either policy, nor does it appear to have been known to either company when the policies were issued. The mortgage clauses attached to the policies were prepared and taken to the respective agents of the companies in Council Bluffs, and were signed without any knowledge on the part of either agent of the existence of the MacConnell mortgage, or of the fact that the property described in the policies was vacant, and nothing was paid for the issuing of either mortgage clause. The appellants contend that the policies had ceased to be of any force when the mortgage clauses were issued, and that the policies were not revived by what was done. The appellee denies that either policy was void, and alleges that the right to claim that they were void was waived by the issuing of the mortgage clauses, and that by reason of having issued them the companies are estopped to assert the invalidity of the policies.

I.   We first inquire whether the policies were in force when the mortgage clauses were issued.   The provisions of the two policies respecting the effect of incumbrance upon the insured property existing when the policies were issued, and not specified in the policy, are not the same.   The policy of the German Insurance Company provides, in terms, as a portion of its policy quoted shows, that the existence of such an incumbrance, not expressed in the policy, should make the policy void.   It was important for the company to know the actual condition of the title to the property which it was asked to insure.   The existence of an incumbrance thereon was a material fact, which it was entitled to know, and the condition requiring that the incumbrance be stated in the policy was valid.   *Lee v. Insurance Co.*, 79 Iowa, 379.   It is not claimed that the failure to comply with the conditions was due to any fault on the part of the company, and the failure made the policy void from the beginning.   As bearing upon this question, see *Waller v. Assurance Co.*, 64 Iowa, 101; *Fuller v. Insurance Co.*, 61 Iowa, 350; *Henning v. Assurance Co.*, 77 Iowa, 319; *McFetridge v. Insurance Co.*, 84 Wis. 326 (54 N. W. Rep. 326); *Collins v. Insurance Co.*, 44 Minn. 440 (46 N. W. Rep. 906).

The policy issued by the New Hampshire Fire Insurance Company does not contain any clause like that we have been considering.   Each policy, however, contained a provision which terminated the liability of the company if the insured property should become vacant without the consent of the company.   That of the German Insurance Company provided that the policy should not cover unoccupied buildings, and th   if those insured should be vacated without the consent of the company, the policy should "cease and determine."   The other provided that, if the insured premises should become vacant, and remain vacant

more than thirty days, without the assent of the company, the policy should be "void and inoperative" during that time. The buildings insured were vacant continuously for more than a year immediately preceding the fire, without the consent of either company. These conditions were valid, and the policies were renderd void thereby, and by permitting the premises to remain vacant as stated. *Sexton v. Insurance Co.*, 69 Iowa, 99.

II.   We are next required to determine the effect which the mortgage clauses had upon the policies. Had the policies then been in force, each mortgage clause, and the policy to which it was attached, would have constituted a new contract between the insurance company and the mortgagee, the terms of which would have been ascertained from the mortgage slip and so much of the original policy as the mortgage slip did not modify or supersede. *Ormsby v. Insurance. Co.*, 5 S. D. 72 (58 N. W. Rep. 301); *Eddy v. Assurance Corp.*, 143 N. Y. 311 (38 N. E. Rep. 307); *Hastings v. Insurance Co.*, 73 N. Y. 141; *City Five-Cents Sav. Bank v. Pennsylvania Fire Ins. Co.*, 122 Mass. 165; *Phœnix Ins. Co. of Brooklyn v. Omaha Loan & Trust Co.*, 41 Neb. 834 (60 N. W. Rep. 133). The cases cited treat of mortgage clauses which were attached to or became a part of valid and existing policies. A sufficient consideration for the new agreement in cases of that kind may be, and usually is the premium paid for the policy. But in the cases we have before us the policies were void, and all right to enforce them, or to recover premiums which had been paid for them, was at an end when the mortgage clauses were attached, and there was no consideration for the new contracts which they purported to make. In the case of *Davis v. Insurance Co.*, 135 Mass. 251, certain policies of insurance were made void by a conveyance of the insured property. Thereafter an agent of the insurance companies indorsed on the policies

stipulations which purported to transfer to certain mortgagees the insurance for which the policies provided, No consideration was asked or paid for the indorsements, and they were held to be without consideration, and not to have given any rights to the mortgagees. In the case of *Graham v. Insurance Co.*, 87 N. Y. 69, it was held that a mortgagee who claimed under a special mortgage clause attached to the policy, which contained a provision similar to the provisions in question, could not recover on the policy, which was found to be invalid because obtained through misrepresentations. The rule that a policy which is void between the parties to it by reason of fraud in obtaining it, or by reason of a violation of its provisions, is not revived, nor is a new and valid contract made, by attaching to the void policy an agreement for the benefit of a mortgagee, unless there be a new consideration for it, appears to us to be well founded in reason and to be supported by the authorities. See *Hanover Fire Ins. Co. v. National Exch. Bank*, (Tex. Civ. App.) (34 S. W. Rep. 333); *Omnium Security Co. v. Canada Fire & Mutual Ins. Co.*, 1 Ont. 494; May Insurance, section 70c; Ostrander Insurance (2d ed.), 342. The case of *Ellis v. Insurance Co.*, 68 Iowa, 578, involved the rights of the assignee of a policy of insurance, and, although not in point, may well be read in connection with the question under consideration. We conclude that the attaching of the mortgage clauses to the policies in suit did not revive or create valid contracts.

III. The estoppel pleaded is not established by the evidence, and, as the plaintiff does not claim anything for it in argument, will not be further noticed.

It follows from what we have said that the district court erred in directing verdicts for the plaintiff, and its judgment is, in each case, REVERSED.