## THE INDIANA INSURANCE COMPANY *v.* PRINGLE.

[No. 2,710.   Filed February 16, 1899.]

INSURANCE.—*Complaint.*—*Performance of Conditions.*—Under section 373, Burns' R. S. 1894, it is sufficient, in an action on a fire insurance policy, to aver in general terms the performance upon the part of the insured of all of the terms of the policy. *p. 563.*

SAME.—*Proof of Loss.*—*Waiver.*—*Evidence.*—A statement made by the insurance adjuster, after assisting in the preparation of an agreement of the amount of loss, that there was only one thing yet in the way of settlement, and that was a chattel mortgage on the stock of goods insured, amounted to a waiver of further proof of loss. *pp. 564, 565.*

SAME.—*Proof of Loss.*—*Waiver.*—The Appellate Court will not pass upon the sufficiency of an allegation in a complaint on a fire insur-

Indiana Ins. Co. *v.* Pringle.

ance policy as to waiver of proof of loss, where evidence was admitted, without objection, sufficient to warrant a finding of such waiver.    *p. 566.*

INSTRUCTIONS.—*Defective.—Omitted Fact.—Ownership of Property.—Insurance.*—An instruction in the trial of an action on a policy of fire insurance purporting to be a statement of all the material allegations in plaintiff's complaint necessary to a recovery which fails to state that it must be shown that plaintiff was the owner of the property insured at the time it was destroyed is fatally defective. *pp. 566-568.*

INSURANCE.—*Conditions.—Mortgages.—Failure to Disclose Existence of Mortgage.*—The failure to notify the insurer of the existence of a mortgage on the insured property will avoid the policy, where the policy contained a provision that the insured should notify the insurer of the existence of any mortgage or other encumbrance on the property insured, although no inquiry was made relative thereto by the agent taking the application.    *pp. 568-570.*

From the Johnson Circuit Court.    *Reversed.*

*Chambers, Pickens & Moores,* for appellant.

*M. H. Parks, W. S. Shirley* and *Overstreet & Oliver,* for appellee.

COMSTOCK, J.—This action was brought in the Marion Circuit Court by appellee against appellant on a policy of insurance against fire, and tried in the Johnson Circuit Court upon change of venue. The complaint is in one paragraph; a copy of the policy was made a part thereof. It was issued upon a stock of goods, wares, merchandise, and store fixtures. It contained, in addition to the usual averments in such cases, the further allegation of a written agreement entered into between the company through its adjuster and the appellee of the amount of the loss. A copy of this agreement was made a part of the complaint. No demurrer was filed to the complaint, and its sufficiency is not questioned here. The defendant answered in four paragraphs; the first is the general denial. In the second it is averred that the property insured was encumbered by a chattel mortgage, and that the same remained in force and effect during the

Indiana Ins. Co. v. Pringle.

entire continuance of said policy up to the date the property was alleged to have been burned, and that the defendant at the time had no knowledge or notice of the existence of said mortgage, nor at any time prior to said alleged loss by fire, and that the plaintiff (appellee) did not procure the written consent of the defendant to such encumbrance as provided in said policy and that the plaintiff violated the covenants and agreements of said policy at the time of making the insurance, in failing to notify it at the time, or at any time during the continuance of said insurance of said mortgage encumbrance. In the third paragraph, defendant (appellant) avers the existence of the chattel mortgage; that the same remained in force during the existence of the policy, and that the defendant had no notice or knowledge of the existence of such mortgage at the time of its delivery, nor at any time since, and that the plaintiff (appellee) violated the covenants and agreements of said policy, in failing to notify the defendant company at the time of the making of such encumbrance, or at any time during the continuance of said mortgage encumbrance, with the additional averment that the company would not have accepted said policy if it had known of the existence thereof.

The fourth paragraph sets up the same facts, and charges appellee with fraudulently procuring said policy by withholding from the defendant all knowledge of the fact that the property therein insured was mortgaged; that after said property was destroyed by fire, appellee fraudulently reported the value of the property to be greater than its actual value; that by reason of the various facts set out in the several paragraphs of answer said policy was void and of no effect.

Appellee replied first by general denial; second,

averring that the appellant had notice of the chattel mortgage when the policy was issued. Upon trial by jury, a general verdict was returned in favor of appellee for $1,712.08. With the general verdict, answers were returned to several interrogatories. Judgment was rendered in favor of appellee for said amount.

The only error which is discussed by appellant's learned counsel in this appeal is the action of the court in overruling appellant's motion for a new trial. Ten reasons are set out in the motion for a new trial. The first four will be considered together. They are that the verdict of the jury is contrary to law; contrary to the evidence; contrary to the law and the evidence; is not sustained by sufficient evidence. The first reason urged upon this court is that the evidence failed to show that the conditions of the policy had been complied with as averred in the complaint. The complaint avers that immediately after said loss to plaintiff by said fire, he gave notice to said defendant of such loss; that he has on his part fully performed every act which by the terms of the policy he was required to do; that on the 24th day of March, 1897, one J. W. Williams, who was the legally acting and authorized adjuster for said defendant in cases of loss by fire, and this plaintiff fully agreed upon the amount of plaintiff's loss by said fire, as covered by said policy, which was in the aggregate sum of $1,712.08, which said amount of loss so agreed upon was reduced to writing and signed by this plaintiff and said Williams for and on behalf of said defendant as such adjuster; a copy of which agreement was filed with the complaint as an exhibit. Said exhibit is headed or entitled "Statement of John W. Pringle loss and damage to stock, furniture and fixtures as agreed to this 24th day of March, 1897," then follow items of loss

signed at the bottom,—"We agree to the above. John W. Pringle, J. W. Williams. Adjuster Inda. Ins. Co."

The following is one of the provisions of the policy: "As soon after the fire as possible a particular statement of the loss shall be rendered to this company, signed and sworn to by the assured, stating such knowledge or information as the assured has been able to obtain as to the origin and circumstances of the fire, and also stating the title and interest of the assured and of all others in the property, the cash value thereof, the amount of loss or damage, all other insurance covering any of said property and a copy of the written portions of all policies and the occupancy of the certain premises."   Appellant contends that this was one of the conditions of the policy which must be complied with before the bringing of suit, and which the appellee avers in his complaint he did comply with because of the general averment; that the averment that he had performed all the conditions on his part to be performed included making proofs of loss as provided in the foregoing clause of the policy; and that he cannot avail himself of a waiver on the part of appellant of any of the terms and conditions in the policy in the absence of an averment of waiver. Under our statute, section 373, Burns' R. S. 1894 (370, Horner's R. S. 1897), and a number of decisions, it is sufficient in an action of this character to aver in general terms the performance upon the part of the insured of all the terms of the policy.   The complaint should affirmatively show a performance of the conditions upon which the claim is based, or that a performance has been waived.   The proof of loss was a condition precedent; it was included in the general averment; its proof was necessary to a recovery under the general averment. *Indiana Ins. Co.* v. *Cape-*

*hart,* 108 Ind. 270; *Continental Ins. Co.* v. *Vanlue,* 126 Ind. 410.

The complaint in this case states the facts attending the issuing of the policy, the destruction of the property by fire, the agreement as to the value of the property destroyed. It avers that "on the 24th day of March, 1897, one J. W. Williams, who was the legally acting and authorized adjuster of said defendant in cases of loss by fire, and this plaintiff fully agreed upon the amount of plaintiff's loss by said fire as covered by said policy," etc. Appellant was informed by this averment that appellee relied upon an agreement as to the amount of his loss.

We do not deem it necessary to decide whether the allegations in the complaint before us set out a waiver. Upon trial of the cause, without objection upon the part of appellant, facts were testified to constituting a waiver of the condition of proof of loss. The evidence shows that the fire occurred between ten and eleven o'clock the night of February 6, 1897. Appellee telegraphed King, the agent of the company, who had written the policy, on the morning of the 7th of February. King came to the scene of the fire that evening and had a talk with appellees with reference to the fire. Four days afterwards, Williams, the adjuster, called on appellee, on which occasion he requested appellee to get the bills of his goods purchased. He subsequently called on him also for the books and accounts; they were delivered to and examined by him. The adjuster made two or more visits to the insured with a view of investigating the case. The company examined appellee under oath as to the fire and loss.

Appellant claims, however, that the signed statement is only a statement of the amount of loss; that prior to its execution, appellee and appellant entered into a

"non-waiver agreement," which was read in evidence, and is as follows: "It is hereby mutually understood and agreed between John W. Pringle of the first part, and the Indiana Insurance Company of Indianapolis, and other companies signing this agreement, party of the second part, that any action taken by said party of the second part in investigating the cause of the fire, or investigating and ascertaining the amount of loss and damage to the property of the party of the first part caused by fire alleged to have occurred on February 6, 1897, shall not waive or invalidate any of the conditions of the policy on the part of the second party held by the party of the first part, and shall not waive or invalidate any rights whatever of either of the parties to this agreement. The intent of this agreement is to preserve the rights of all parties hereto and provide for an investigation of the fire and the determination of the amount of the loss or damage without regard to the liability of the party of the second part." Appellant insists that in the investigaition that followed leading up to the execution of the agreement of loss the company waived nothing, conceded nothing. It left the parties where they were as to their respective rights, except that it determined the amount of the loss. The proof of the waiver does not, however, depend alone upon the agreement as to the amount of loss. Appellee testified that after signing said agreement fixing the value of the property destroyed, Mr. Williams, the adjuster, said to him that "There was one thing, only one thing, yet in the way of making a settlement and that was a chattel mortgage on this stock of goods of mine." It was equivalent to saying that the loss would be paid but for the chattel mortgage. It was a clear and unequivocal waiver of further proof of loss. *Western As-*

*surance Co.* v. *McCarthy*, 18 Ind. App. 454, and authorities there cited.

Without reference to the sufficiency or insufficiency of the complaint to authorize proof of waiver of loss, evidence without objection was admitted sufficient to warrant a finding of such waiver. We have said this much upon the question of waiver upon the presumption that the question is likely to arise upon a second trial.

Appellant's learned counsel object to instruction number one, given by the court. It purported to state the material averments of the complaint. This instruction is as follows: "This is a suit upon a fire insurance policy to secure the amount due on the policy after loss by fire. The plaintiff alleges in substance in his complaint that the defendant, the Indiana Insurance Company of Indianapolis, Indiana, is a corporation organized under the laws of the state of Indiana, and that on the 31st day of July, 1896, said defendant by her legally appointed agent, in consideration of $30 then paid to said defendant, the defendant issued to plaintiff a policy of insurance upon his general stock of merchandise, being such articles of merchandise as are usually kept for sale in a general country store, to the amount of $1,900 against loss by fire, $100 on store furniture and fixtures in the town of Mahalasville, Morgan county, Indiana, for a term of one year; that plaintiff was in the possession of and the owner of the property insured by said policy, and said plaintiff accepted said policy and the same was issued to plaintiff to secure him against loss by fire on said property for one year. That on the 6th day of February, 1897, the said property was totally destroyed by fire, without any fault or negligence of this plaintiff, and to the damage of this plaintiff in the sum of $2,000; that plaintiff gave notice to said de-

fendant of such loss immediately thereafter, and that the plaintiff has fully performed each and every act which by the terms of said policy he was required to do; and that on the 24th day of March, 1897, one J. W. Williams, who was the legally acting and authorized adjuster for said defendant in case of loss by fire, and this plaintiff fully agreed upon the amount of said loss as covered by said policy, which was in the aggregate sum of $1,708.12, which said amount of loss so agreed upon was reduced to writing and signed by said adjuster and said plaintiff; that said defendant has wholly failed and refused to pay, etc.". It is claimed that the omission in this instruction to state to the jury that one of the material averments of the complaint was the fact that at the time of the fire the plaintiff was the owner of the property insured and destroyed makes the instruction fatally bad. The learned counsel for appellee answer this objection with the proposition that if the instructions given to the jury, considered as a whole, state the law correctly, the case should not be reversed, though a single instruction alone might be incorrect; that "the whole instructions cover the case, and that the verdict and judgment are sustained by the evidence." The instruction set out is the only one in which the court undertakes to state the material averments of the complaint, the grounds upon which the appellee may recover, and omits a material averment. It is not an instance in which there is an inaccuracy of expression which would not mislead the jury, nor a failure to state fully the law upon all the issues in the cause (*Jones* v. *Hathaway*, 77 Ind. 24), but an attempt to inform the jury what appellee should prove to recover. One of the facts necessary to appellee's recovery was that he was the owner of the property at the time it was destroyed by fire. *Insurance Co.* v. *Coombs,*

19 Ind. App. 331. This fact was omitted. This was a fatal defect in the instruction. *Voris* v. *Shotts*, 20 Ind. App. 220; *Jackson School Tp.* v. *Shera*, 8 Ind. App. 330; *Kentucky, etc., Co.* v. *Eastman*, 7 Ind. App. 514.

In *Louisville, etc., R. Co.* v. *Grantham*, 104 Ind. 353, the court, in passing upon an objection to an instruction given by the lower court, said: "So far as this instruction goes, it states the law correctly as applicable to the first paragraph of the complaint, to which it was expressly limited. If it was objectionable at all, it was on the ground of what it omitted to state, and if it had been the only instruction of the court in relation to the case stated in the first paragraph of the complaint, it would have been justly open to the criticism of appellant's counsel."

Appellants also object to instruction number thirteen and a half given by the court. It reads as follows: "The rule applicable is that a failure or neglect on the part of the plaintiff to make known facts which the defendant may regard as material to the risk is not a breach of a condition in the policy avoiding it in case of any omission to make known every fact material thereto, because the plaintiff has a right to suppose that the defendant, by its agent, will make proper inquiries concerning all facts except such as are supposed to be known or are regarded as immaterial." The policy provides that it is issued subject to the following terms and conditions: "(1) The assured hereby covenants and agrees that no fact material to the risk or relating to its condition, situation or occupancy has been concealed, and that the interest of the assured therein has been truly stated to this company. (2) To notify the company immediately if the above mentioned premises shall become vacant or unoccupied, or if any change in the nature, character, or occupation, or of any increase of hazard

within the control or knowledge of the assured, or if, being a manufacturing establishment, it shall be run at night or overtime, or shall cease to be operated. (3) To notify the company if at the taking of the insurance, or at any time during its continuance there shall be any mortgage or other encumbrance or any lien whatever, or any other insurance applied to the property herein described, or any part thereof, whether the same be valid or not. (4) To procure written consent of the company or a commissioned agent thereof to any change within the terms of this contract."

Under the foregoing provisions of the policy, it was incumbent upon the insured to notify the insurer of the existence of an encumbrance. In the absence of any provision requiring the defendant to disclose the condition of the property, as to the existence of the chattel mortgage, the insured would not have been required to make any disclosure with reference thereto. *Burrett* v. *Sac., etc., Ins. Co.,* 5 Hill, 188; *Continental Ins. Co.* v. *Munns,* 120 Ind. 30; *Clark* v. *Manufacturers' Ins. Co.,* 8 How. (U. S.) 235. The instruction therefore did not correctly state the law applicable to the policy in question.

The court refused to give the following instruction requested by appellant: "This is an action upon a policy of fire insurance executed by the defendant, insuring the plaintiff against damage or loss by fire in the sum of $2,000 upon his general stock of merchandise, furniture and fixtures contained in a certain building at Mahalasville, Morgan county, Indiana. You are instructed that the plaintiff in accepting this policy of insurance is bound under the law to know the terms and conditions of such contract, and is bound thereby. One of the conditions of said policy is that the assured covenants and agrees to notify the

company if at the making of this insurance or at any time during its continuance, there should be any mortgage or other encumbrance, or any lien whatever, or any other encumbrance applying to the property herein described or any part thereof, whether the same be valid or not. The defendant has set up in one of its answers that at the time the policy was issued there was a chattel mortgage encumbrance upon the property insured, in the sum of $1,000, duly recorded in the proper office of Morgan county, executed by the plaintiff to one William W. Davis; and that the plaintiff failed to notify the company of the existence of said encumbrance at the time the policy was issued. If you should find by a fair preponderance of the testimony that such chattel mortgage existed at the time the policy was issued, and that the plaintiff failed to notify the company of the existence of such encumbrance and concealed the knowledge thereof from the company, and the company had no knowledge of the existence of the same, it would then be your duty to find for the defendant upon this issue;" but gave the same as modified. In the modification, the court said: "If you should find by a fair preponderance of the testimony that such chattel mortgage existed at the time the policy was issued, and that the plaintiff failed to notify the company of the existence of such encumbrance, concealing knowledge thereof from the company, after the agent of the company had inquired of him as to the existence of the mortgage, and the company had no knowledge of the existence of the same, it would then be your duty to find for the defendant upon this issue." This modification disregards the provisions of the policy, and was therefore erroneous. The instruction should have been given as requested. We have passed upon the ques-

tions discussed. The judgment is reversed, with instruction to the trial court to sustain appellant's motion for a new trial.