JOHN N. BALDWIN, Trustee, v. THE GERMAN INSURANCE COMPAY OF FREEPORT, ILLINOIS, Appellant, AND JOHN N. BALDWIN, Trustee, v. THE NEW HAMPSHIRE FIRE INSURANCE COMPANY, Appellant.

Attachment of Mortgage Clause to Void Policy:   WHEN NO ESTOP-PEL.   Where an insurance policy is void because of vacancy of the premises, and the company, without knowledge of the fact

and without consideration, attaches a mortgage clause to the policy at the instance of the mortgagee, also ignorant of the invalidity of the policy, and the mortgagee, because of the mortgage claim elects to take other insurance, the insurer is not estopped to set up the invalidity of the policy in an action thereon by the mortgagee.

*Appeal from Pottawattamie District Court.*—Hon. W. R. GREEN, Judge.

THURSDAY, FEBRUARY 7, 1901.

ACTIONS on policies of fire insurance. Judgments for plaintiff, and the defendants appeal.—*Reversed.*

*McVey & McVey* for appellants.

*Wright & Baldwin* for appellee.

GRANGER, C. J.—The two cases were submitted and considered together. They were before in this court, submitted in like manner, and the opinion will be found in 105 Iowa, 379. The facts are there fully stated, and restatement of them is unnecessary, except to have in mind, in a genreal way, the issues. Each policy contains a provision that, if the buildings insured shall become vacant, the policy shall be void. The answers present that issue, and the facts are without dispute. On the other appeal, the policies were adjudged void for that reason. That holding is conclusive on this appeal, unless the policies have validity for reasons to be considered.

The plaintiff is trustee for the Council Bluffs Savings Bank, and, as such, holds the title to insured property by virtue of a trust deed securing the plaintiff for the payment of a large amount of money as trustee of said bank. The policies issued in April, 1891, and July 13, 1894, the plaintiff took them to the respective agents of the companies, with mortgage clauses prepared and attached to the policies, and the agents signed said clauses. These mortgage

clauses provided that any loss or damage which should arise under the policy should be payable to the plaintiff,. as trustee.   At the time of signing these clauses, each policy was void because of non-occupancy of the premises, but neither agent nor the plaintiff knew of the fact.   On the other appeal it was held that, as the policies were void when the clauses were attached, there being no consideration for them, the attaching of the clauses did not revive or create valid contracts.   The answers present pleas of estoppel, and on the other appeal it was simply said that the pleas of estoppel were not established by the evidence.   The causes were reversed and remanded, and on another trial below some additional evidence was taken, directed to the issue of estoppel.   The district court found with the plaintiff on such issue, and the correctness of that finding is the only question we have on this appeal.

It appears from the evidence of the trustee, taken on the trial, that he relied on the insurance by virtue of the mortgage clauses, and because of such reliance he did not get other insurance.   There is no claim that either company had notice of non-occupancy of the premises by which the policies became void.   It is, then, a case in which a policy is void, and the company, without knowledge of that fact, attaches a mortgage clause to the policy at the instance of a trustee, who is also ignorant of the fact that the policy is void, and the trustee, because of the mortgage clause, neglects to get other insurance.   Is the company, because of such facts, estopped to deny the validity of the policy?   We think not.   The policies had been valid, and both the companies and the trustee assumed them to be so when the clauses were attached, because neither had been informed of the vacancy of the premises which rendered the policies void. The trustee held the mortgages, and knew of the terms upon which they would become void, and was certainly as much

charged with knowledge of facts that would avoid them as the companies. The companies acted at his instance, without consideration, merely to enable him to take insurance that would otherwise go to the beneficiaries named in the policies. It was, in effect, a substitution of beneficiaries under the policies, so that the trustee might take, in case of loss, as his interest might appear, instead of the original beneficiaries. The situation is one of mutual mistake, as to which neither party is at fault. Why, under such circumstances, attach to such acts on the part of the companies the obligations of a contract where none existed ? If a party fails to speak when he should, his silence may estop him to speak afterwards to the prejudice of another, if, when silent, he knew of the facts of which he should have spoken; but if he had no knowledge of such facts he is not estopped. *Davenport Cent. R. Co. v. Davenport Gaslight Co.*, 43 Iowa, 301. The principle is the same in this case. The trustee desired to be substituted so as to receive payment if the companies became liable under the policies, and nothing more was expected; and that much the companies intended to grant, and nothing more. If the companies had then known the policies were void, and by silence or acts had misled the trustee to his prejudice, the case would be different. Great reliance is placed on *Insurance Co. v. Bohn,* 12 C. C. A. 531, (65 Fed. Rep. 165, 27 L. R. A. 614). Without intimating our approval or disapproval of the rule and reasoning of that case, it is sufficient to say that that case involved no question of estoppel, as in these cases. In these cases, on the former appeal, we held that, as no consideration was paid for the mortgage clauses, the policies being void, the mortgage clauses did not revive or create valid contracts. If, then, the plaintiff can recover, it must be because the companies are estopped to speak the truth, and say they were no contracts, so as to secure the advantages of that adjudication. In the *Bohn Case* it is said: "The agreement evidenced by this mortgage clause was there-

fore a valid contract between the mortgagee and the insurance companies, made upon sufficient consideration, for the evident purpose of protecting the indemnity guaranteed to the mortgagee by the companies against destruction by any act of neglect of the mortgagors." The distinguishing fact of the cases is this: In the *Bohn Case* the mortgagee made a valid contract with the insurance companies for insurance under the mortgage clause, and the holding was that by virtue of that contract he had a right of recovery. In these cases there is no contract liability, and the question is, does the doctrine of estoppel prevent companies from saying so? Surely, to justify a recovery on such grounds, the rule should be undoubted, and we are not cited to any case where such a rule has been announced. It is to be kept in mind that the mortgage clauses in these cases are not held void because of facts existing at the inception of the insurance contract, but the policies became void because of conditions subsequently broken, and the mortgage clauses were never of force because of no consideration for their support. These cases, as now presented, in no way involve the construction of an existing contract, as in the *Bohn Case*. We are also cited to *Hastings v. Insurance Co.*, 73 N. Y. 141, which is cited with approval in the *Bohn Case*. The distinguishing feature of the case is manifest. Subsequent to the issuing of the policy in that case, the mortgageee obtained from the company the mortgage clause, and the case holds that the mortgage clause operated as an independent insurance of the mortgagee's interest, and the right of recovery was based on the construction of an existing contract, as to whether or not it was affected by other insurance taken in violation of the terms of the policy. It was a question of the rights of the parties under a contract confessedly valid, and not one of estoppel only, to show the invalidity of a contract. We think the defendants are not estopped to deny the

validity of the mortgage clauses, and the judgment in each.
case must stand REVERSED.

NOTE—The foregoing opinion was prepared by Granger, C. J., and after his retire--
ment from the bench was adopted as the opinion of the court.