J. A. CURLEE V. TEXAS HOME FIRE INSURANCE COMPANY.

Decided February 25, 1903.

**1.—Insurance—Avoidance by Incumbrance.**

A fire insurance policy covering a house and certain personal property and stipulating that "this entire policy shall be void if the subject of insurance or any part thereof be or become incumbered by mortgage or otherwise" was made void by the existence of a vendor's lien on the land on which the house stood antedating the construction of the house. Bills v. Insurance Co., 87 Texas, 547, distinguished.

**2.—Same—Waiver—Proofs of Loss.**

The fact that insured and the adjuster of insurer together prepared proofs of loss on blanks furnished by the latter and negotiated about a settlement at a reduced figure without reaching an agreement, constituted no evidence to warrant a submission of the issue of waiver by insurer of the clause avoiding the policy by reason of the existence of an incumbrance, where such proofs of loss stipulated that the furnishing blanks therefor and making up proofs by an agent of insurer should not waive any of his rights.

Appeal from the District Court of Milam. Tried below before Hon. J. C. Scott.

*Henderson & Freeman* and *Morrison & Wallace*, for appellant.

*G. W. Allen* and *D. A. McFall*, for appellee.

KEY, ASSOCIATE JUSTICE.—Appellant brought this suit upon an insurance policy covering a house and certain personal property. After hearing all the testimony the court directed a verdict for the defendant, and the plaintiff has appealed. The policy contains a provision to the effect "that this entire policy shall be void if the subject of the insurance, or any part thereof, be or become incumbered by mortgage or otherwise." The undisputed testimony shows, that the house which was insured was situated upon land incumbered by a vendor's lien, and that this condition existed at the time the policy was issued. It is true that the contract which created the lien was made before the house was built, but when the house was built it became, in law, part of the land and the lien attached to it as much as it did to the soil itself. Hence there is no escape from the conclusion that a portion of the subject of insurance was incumbered by valid lien at the time the policy was issued. And if the clear and unambiguous terms of the contract are to be given force and effect, it must be held that the policy is void, unless the insurance company has waived its rights under the provision of the contract referred to. This case is distinguishable from Bills v. Insurance Co., 87 Texas, 547, in which the stipulation was "this policy shall be void if the subject of insurance be a building on ground not owned by the insured in fee simple." The policy covered a building and various articles of personal property, and it was held that all this together— the building and the personal property—were the subject of insurance, and that, as the stipulation quoted was limited to buildings and did

not include personal property, the policy was not void, although the building was upon land not owned in fee simple by the insured.   In the case at bar the forfeiture is not made to depend· upon the condition of the entire subject of insurance; for, by the terms of the contract, the forfeiture results, "if the subject of insurance, *or any part thereof,* be or become incumbered by mortgage or otherwise."   The phrase italicised was no part of the contract in the Bills case, and it unmistakably manifests the purpose to make the contract void and inoperative if any part of the subject of insurance was incumbered by mortgage or otherwise.

We also hold that the testimony was not such as entitled plaintiff to have submitted to the jury the question of waiver.   It is true that after the company was informed of the incumbrance on the property, which was after the fire occurred, it and the plaintiff together prepared proofs of loss and the plaintiff expended the sum of $5 in so doing. It is also true that the plaintiff testified that the proof of loss was furnished at the defendant's request and that the defendant's adjuster wrote the proof of loss which was signed and sworn to by the plaintiff. However, the proof of loss contains this provision: "It is expressly understood and agreed that the furnishing of this proof of loss blank to the assured, or making up proofs by an adjuster, or any agent of the company or companies named herein, is not a waiver of any rights of said company."   It is not denied that the stipulation quoted constituted a binding contract; and giving effect to its plain import we think it must be held that what was done in reference to making proofs of loss did no constitute a waiver of any right the company had under the contract of insurance.   Roberts, Willis & Taylor Co. v. Sun Mutual Fire Insurance Co., 13 Texas Civ. App., 64.

All the questions presented in appellant's brief have been considered, and our conclusion is that no error is shown and therefore the judgment will be affirmed.

*Affirmed.*

Associate Justice Streetman, having been of counsel, did not sit in this case.

The following conclusions of fact were filed at a later day of the · term, in response to a motion by appellant requesting them:

*Conclusions of Fact.*—In response to appellant's motion requesting conclusions of fact on specified points, we make the following findings:

1.   The contract of insurance was solicited by the appellee, and not by the appellant.

2.   The appellee asked no questions and made no inquiries in reference to an incumbrance on the land at or before the time of the issuance of the policy.   If inquiry had been made, we presume appellee would have ascertained the existence of the lien on the property.

3. At the time the policy was issued, appellant owed a vendor's lien note on the land upon which the house was situated. The note was for $181 principal, and was not due at that time.

4. It was not shown that appellant had any sinister motive in failing to disclose to appellee's agent the existence of the lien at or before the time the policy was issued.

5. At the time of the destruction of the property by fire, it exceeded in value the amount of the policy and the incumbrance taken together.

6. The deed to the land upon which the insured property was situated disclosed the existence of the vendor's lien and was duly recorded in the county where the land was situated at the time that the policy was issued.

7. Appellant paid the premium charged by appellee for the policy, and appellee retained the same.

8. After the blanks in the proofs of loss had been filled out, and after the adjuster and plaintiff had made inquiries about town in reference to the value of the goods, the adjuster did state to appellant that if he would make a reasonable concession on said property he would settle the loss. Then followed some parleying between the adjuster and appellant as to what would constitute a reasonable compromise, but no agreement was reached.

Filed April 25, 1903.

Writ of error refused.