Argued 18 October, decided 31 October, 1904.

## ALLESINA *v.* LONDON INSURANCE CO.

[78 Pac. 392.]

45   441
f45   630
45   441
f46   631

FIRE INSURANCE — WAIVING CHATTEL MORTGAGE CLAUSE IN POLICY.

The action of an insurance company in issuing and delivering a policy covering certain chattels, on an oral application, and without any statement or inquiry as to the existence or effect of mortgages, and in accepting and retaining the premium, the insured being ignorant that the policy issued contained clause making the policy void if the property insured was mortgaged, amounts to a waiver of the mortgage clause in the policy.

From Multnomah : ARTHUR L. FRAZER, Judge.

Action by John Allesina against the London & Liverpool & Globe Insurance Company on a policy of fire insurance. There was a judgment for plaintiff on a trial before the court, and defendant appeals.   AFFIRMED.

For appellant there was a brief over the names of *Teal & Minor* and *T. C. Van Ness.*

For respondent there was a brief and an oral argument by *Mr. Henry E. McGinn.* 

MR. JUSTICE BEAN delivered the opinion of the court.

This is an action on a policy issued by the defendant to plaintiff on April 28, 1903, insuring against loss or damage by fire to the amount of $2,000, on his stock of umbrellas, parasols, and the material used in making the same. At the time the contract of insurance was made the property was covered by a chattel mortgage. The policy, however, that defendant issued and delivered to plaintiff, contained a printed clause that it should be void "if the subject of insurance be personal property, and be or become encumbered by a chattel mortgage." This policy was issued upon an oral application, the agent of defendant making no inquiry of plaintiff concerning liens or incumbrances on the property ; nor were any statements or representations in reference thereto made by the assured, and he had no knowledge that such information was material, or

that the policy to be subsequently delivered would contain any provision in reference thereto; or that, if the defendant knew of the mortgage, it would decline the risk. The plaintiff paid, and the defendant received and accepted, the premium, and the property was destroyed by fire during the life of the policy. The only question on this appeal is whether, under these circumstances, the defendant can defeat a recovery on the ground that the policy issued by it and delivered to the plaintiff, and for which he paid, and it accepted and retained his money, was invalid from the beginning because of the mortgage clause.

The decision of this court in *Arthur* v. *Palatine Ins. Co.* 35 Or. 27 (57 Pac. 62, 76 Am. St. Rep. 450), is admittedly against the defendant's contention, but its soundness is challenged, and we are urged to overrule it. The question involved was examined in the light of the authorities at the time the Arthur Case was decided. The court was then agreed that the rule therein announced is the better one; and, notwithstanding the able and learned argument of counsel for the defendant, it is not now disposed to change its view. The adjudicated cases upon the point are conflicting and irreconcilable: 16 Am. & Eng. Enc. Law (2 ed.), 936. By some courts it is held that the policy of insurance as issued and delivered contains the terms of the contract between the parties, and that force and effect must be given to every clause and provision therein, even though the result may be contrary to the intention of the parties and render the contract void from the beginning. Counsel for the defendant, in support of their contention, cite the following authorities: *Security, etc., Ins. Co.* v. *Gober*, 50 Ga. 404; *Indiana Ins. Co.* v. *Pringle*, 21 Ind. App. 559 (52 N. E. 821); *Shaffer* v. *Milwaukee Ins. Co.* 17 Ind. App. 205 (46 N. E. 557); *Crikelair* v. *Citizens' Ins. Co.* 168 Ill. 309 (48 N. E. 167, 61 Am. St. Rep. 119); *Dwelling House*

*Ins. Co.* v. *Shaner*, 52 Ill. App. 326; *Baldwin* v. *German Ins. Co.* 105 Iowa, 379 (75 N. W. 326); *Cagle* v. *Insurance Co.* 78 Mo. App. 215; *Cleaver* v. *Traders' Ins. Co.* 71 Mich. 414 (39 N. W. 571, 15 Am. St. Rep. 275); *Quinlan* v. *Providence Washington Ins. Co.* 133 N. Y. 356 (31 N. E. 31, 28 Am. St. Rep. 645); *Susquehanna Ins. Co.* v. *Swank*, 102 Pa. 17; *Hayes* v. *United States Fire Ins. Co.* 132 N. C. 702 (44 S. E. 404); *Ætna Ins. Co.* v. *Holcomb*, 89 Tex. 404 (34 S. W. 915); *Insurance Co. of North Am.* v. *Wicker*, 93 Tex. 390 (55 S. W. 740); *Morrison* v. *Home Ins. Co.* 69 Tex. 353 (6 S. W. 605, 5 Am. St. Rep. 63); *Guinn* v. *Phœnix Ins. Co.* (Tex. Civ. App.) 31 S. W. 566; *Curlee* v. *Texas Home Ins. Co.* 31 Tex. Civ. App. 471 (73 S. W. 831); *Tyree* v. *Virginia F. & M. Ins. Co.* (W. Va.) 46 S. E. 706; *Wilcox* v. *Continental Ins. Co.* 85 Wis. 193 (55 N. W. 188); *Union Mut. Ins. Co.* v. *Mowry*, 96 U. S. 544; *Atlas Reduc. Co.* v. *New Zealand Ins. Co.* (C. C.) 121 Fed. 929; *New York Ins. Co.* v. *McMaster*, 87 Fed. 63 (30 C. C. A. 552).

Of the citations given, the only ones directly in point are those from Illinois, Wisconsin, Texas, and the 17th Indiana Appellate Court. In the cases cited from Iowa and the 21st Indiana Appellate, the courts were construing policies containing a provision requiring the assured, if the property was incumbered, to report that fact to the company, otherwise the policy should be void; and it was held that a failure of the agent to inquire about incumbrances did not excuse the assured from complying with this clause in the contract. The Illinois Appeal case has reference to the admission of parol evidence to show that, at the time of the insurance, the company's agent consented that the assured might thereafter mortgage the property, notwithstanding the policy contained a stipulation rendering the contract void if the property should become incumbered without the written consent of the company. In the cases from Missouri and North Carolina,

the policies were issued upon written applications which did not disclose an unsatisfied mortgage. The other cases go to the point that an agent of the company, unless authorized to do so, cannot waive a condition of the policy, and that the insured is charged with knowledge of the contents of a policy which has been delivered to and accepted by him. The courts in Nebraska, Kentucky, Montana, Mississippi, and the Indiana Appellate Court have all held that when an insurance company issues a policy covering mortgaged property, without a written application, and, without making any inquiry as to incumbrances, accepts and retains the premium, without any statements or representations being made in reference to incumbrances by the assured, the latter paying the premium and accepting the policy in good faith, not knowing that the incumbrance in any way affects the contract, or that the company intends to insist upon the mortgage clause, the company will be held to have accepted the risk, with the liens and incumbrances thereon, and to that extent have waived or modified the printed terms in the policy : *German Ins. & Sav. Inst.* v. *Kline*, 44 Neb. 395 (62 N. W. 857); *Hanover Fire Ins. Co.* v. *Bohn*, 48 Neb. 743 (67 N. W. 774, 58 Am. St. Rep. 719); *German Mut. Ins. Co.* v. *Niewedde*, 11 Ind. App. 624 (39 N. E. 534); *Wright* v. *Fire Ins. Assoc.* 12 Mont. 474 (31 Pac. 87, 19 L. R. A. 211); *Queen Ins. Co.* v. *Kline*, 17 Ky. Law Rep. 619 (32 S. W. 214); *Georgia Home Ins. Co.* v. *Holmes*, 75 Miss. 390 (23 South. 183, 65 Am. St. Rep. 611). The same doctrine has been applied by the courts of New York and Pennsylvania to a different state of facts : *Short* v. *Home Ins. Co.* 90 N. Y. 16 (43 Am. Rep. 138); *Philadelphia Tool Co.* v. *British Am. Assur. Co.* 132 Pa. 236 (19 Atl. 77, 19 Am. St. Rep. 596); *Caldwell* v. *Fire Assoc.* 177 Pa. 492 (35 Atl. 612). The weight of authority, therefore, is not so overwhelmingly either way that a court ought to follow it, regardless of its

own opinion on the question. We feel at liberty to adopt
that line of authorities which commends itself to us as
supported by the better reason.

A contract of insurance, like any other contract, must,
of course, be given force and effect according to its terms as
agreed upon by the parties, but provisions in the printed
forms, inserted for the benefit of the insurer, may be waived
by it in special instances. In determining whether there
has been such a waiver, a court should not overlook the
fact that insurance policies are prepared by the company
for general use, without reference to particular cases, and
contain divers and sundry provisions and stipulations con-
cerning different subjects. The contract is not like ordi-
nary contracts between individuals, wherein every clause
and stipulation is considered and agreed upon by the par-
ties before the agreement is executed. A policy of insur-
ance is prepared in the office of the company and becomes
binding on the assured because it is delivered to and ac-
cepted by him. In accepting it he has a right to assume
that the company does not intend to insist upon the printed
clause therein relating to incumbrances on the property
if it makes no inquiry of him concerning the matter, and
he has made no statements in reference thereto, and has
not been advised that the question was at all material.
The preparation and issuance of the policy is the act of
the company, and if, in pursuance of a previous agree-
ment to insure, it issues and delivers a policy purporting
to cover loss or damage by fire, and accepts and receives
the money of the insured, without making any inquiry of
him as to incumbrances, or without advising him of the
effect on his contract of an incumbrance, it is receiving
and accepting his money under circumstances but little
short of false pretenses, if the contract is void from the
beginning, and never in fact had any force or validity,
because of a provision inserted therein by it without the

knowledge of the assured, rendering it void if the property is incumbered. In such a case the company would not only wrongfully receive and accept the money of the insured, but would mislead him into the belief that his property was insured, when in fact it was not, thus deceiving a party honestly seeking and paying for insurance. The consistent and logical result of such a position is that an insurance company may orally negotiate with a property owner to insure his property, and, after investigating the condition of the property so far as it may see fit, agree to issue a policy thereon, without any written application or statement of the assured, relying on its own knowledge of the situation, receive and accept the premium, frame and deliver to the insured a policy which is invalid from its inception, and which in no manner effectuates the purpose which the parties had in view, or which the company promised and agreed to accomplish, and for which it received and accepted the money of the assured. Such a conclusion would be to impute to an insurance company a fraudulent intent to wrong and deceive the insured by issuing and delivering a policy not binding as a contract of insurance, although it received and accepted the premium therefor, knowing that the insured believed the contract valid. We are unwilling to adopt a view which leads to such results and which the facts do not warrant. The judgment is affirmed.　　　　　　　　　　　AFFIRMED.