PEOPLE'S SAVINGS BANK v. RETAIL MERCHANTS MUTUAL FIRE ASSOCIATION OF IOWA, Appellant.

Insurance: BREACH OF CONDITIONS: RECOVERY BY MORTGAGEE. Where an insurance policy when issued contained a provision making it payable to a mortgagee in case of loss, and also that notice of any delinquency of the insured would be given the mortgagee before any suspension or cancellation of the policy affecting his interest, the considerations supporting the policy also support the provision in favor of the mortgagee; and he is held entitled to recover against the company regardless of any false statement of the insured as to title or ownership, unknown to him.

*Appeal from Polk District Court.*—HON. JESSE A. MILLER, Judge.

TUESDAY, NOVEMBER 23, 1909.

REHEARING DENIED, WEDNESDAY, MARCH 16, 1910.

ACTION to recover for a loss under a fire insurance policy taken out by the mortgagor with a clause attached making the loss payable to plaintiff as mortgagee. There was a directed verdict for the plaintiff, and, from judgment on such verdict, defendant appeals.—*Affirmed.*

*Dunshee & Haines,* for appellant.

*N. T. Guernsey,* for appellee.

McCLAIN, J.—The policy sued on insured one F. A. French, a member in the defendant association, against loss by fire to the extent of $3,000 on the property described. In the application which French made, and which was incorporated into the policy, it was stated that French was the sole and undisputed owner of the property, and it was stipulated that the policy should be void if the "interest of the insured be other than unconditional and sole ownership, or if the subject of the insurance be a building on ground not owned by the insured in fee simple, . . . or if any change other than the death of the insured take place in the interest, title, or possession of the subject of the insurance (except change of occupants without increase of hazard), whether by legal process or judgment or by voluntary act of the insured, or otherwise." A mortgage clause was attached to the policy when issued containing the following stipulations: "Loss, if any, under this policy, payable to the People's Savings Bank, mortgagee, as their interest may appear. Fifteen days' notice of any

delinquency on the part of the assured will be given to said mortgagee before any suspension or cancellation is made affecting the interests of the mortgagee." . Defendant denied that French was at the time of issuance of the policy the sole and undisputed owner, and alleged other defenses not necessary here to notice. By way of reply plaintiff alleged waiver of breaches of condition in the contract.

If the mortgagee clause attached to the policy at the time it was issued created an independent contractual relation between the defendant and the plaintiff, and secured to the plaintiff as mortgagee a right to recover regardless of any previous or subsequent breaches of the contract on the part of the owner, then the plaintiff was entitled to recover notwithstanding the defenses alleged on the part of the company, for it is not contended that there have been any breaches of condition by the plaintiff, and to this question we first direct our attention.

Counsel for appellant rely upon the proposition that, if the policy was void in its inception by reason of the false statements of French as to ownership, then the mortgagee clause was without consideration, and plaintiff can not rely upon such clause as securing to it a right greater than that which French would have had to recover under the policy, and they rely upon the case of *Baldwin v. German Ins. Co.*, 105 Iowa, 379, which was again before the court on a second appeal; the opinion being found in 113 Iowa, 314. But in that case the mortgagee clause was attached by way of indorsement long after the policy was issued, and therefore the contract with the mortgagee was not supported by the consideration which supported the original policy. But in the case before us the policy as originally issued had the mortgagee clause attached to it, and the plaintiff as mortgagee was a party to the very contract of insurance. The consideration which supported the policy supported, also, the contract between the com-

pany and the mortgagee, and it can not be contended that any portion of the contract was not made upon a valid consideration.

It is conceded that what is called the "union mortgage clause" now usually attached to standard policies in cases such as this would have prevented the defendant company from setting up as against the mortgagee the defenses which it might have had as against the mortgagor procuring the policy to be issued, and this concession is in accordance with the great weight of authority. It has generally been held that a mortgagee under the union clause, which stipulates that the insurance as to the interest of the mortgagee "shall not be invalidated by any act or neglect of the mortgagor or owner," precludes the company from insisting as against the mortgagee that the policy was void in its inception on account of any misstatement by the owner as to his title or interest in the property of which the mortgagee is ignorant. *Syndicate Ins. Co. v. Bohn,* 65 Fed. 165 (12 C. C. A. 531, 27 L. R. A. 614); *Hanover F. Ins. Co. v. Bohn,* 48 Neb. 743 (67 N. W. 774, 58 Am. St. Rep. 719); *Phenix Ins. Co. v. Omaha L. & T. Co.* 41 Neb. 834 (60 N. W. 133, 25 L. R. A. 679); *Hastings v. Westchester F. Ins. Co.,* 73 N. Y. 141; 19 Cyc. 715; Richards, Insurance (3d Ed.) section 291; 2 Cooley, Insurance Briefs, 1228. If the mortgage clause attached to this policy is to receive the same construction in this respect as the union mortgage clause, the defendant can not rely as against plaintiff on the breaches of condition in the policy on the part of French, whether concurrent with, or subsequent to, the issuance of the policy which were not known to the plaintiff. This mortgage clause provides that fifteen days' notice of any "delinquency" on the part of French will be given to the mortgagee before any suspension or cancellation is made affecting the interests of said mortgagee; and it is not claimed that any notice of delinquncy was

given to plaintiff prior to the loss. But it is contended that "delinquency" is not equivalent to the "act or default" referred to in the union mortgage clause, and is intended to describe only some failure on the part of the owner subsequent to the issuance of the policy which by its terms would defeat the owner's right to recover. "Delinquency" is defined by Webster as "failure or omission of duty, a fault, a misdeed, an offense, a misdemeanor, a crime," and a "delinquent" is described as one "failing in duty; offending by neglect of duty." In the connection in which the word is used in this policy it is plain that the fault of French, if any, in misstating the nature of his title or in subsequently violating the terms of the policy, was a delinquency, and that in this respect he was a delinquent; and we think there can be no doubt that, under the rule of liberal interpretation in favor of the mortgagee as insured, the clause above quoted should be considered as referring to substantially the same kind of "act or default" which is referred to in the union clause. Giving the word this interpretation, we must reach the conclusion that, under the independent contract of insurance between defendant and this plaintiff which was made by the addition of the mortgage clause to the policy, the defendant was precluded from urging as against plaintiff any breach of condition or misrepresentation contemporaneous with or subsequent to the issuance of the policy which it might have urged as against French; plaintiff not being shown to have had any knowledge of or any responsibility for such misrepresentation or breach of condition.

The many other questions argued by appellant's counsel become immaterial in view of the conclusion announced with reference to the effect of the mortgage clause, and the judgment is therefore *affirmed*.