[No. 18015.　Department Two.　December 31, 1923.]

KNUTZEN AUTO COMPANY, *Respondent*, v. NORTH
BRITISH & MERCANTILE INSURANCE COMPANY,
LIMITED, *Appellant*.[1]

INSURANCE (49-1)—AUTOMOBILE INSURANCE—DISPOSAL OR CON-
CEALMENT OF PROPERTY—INTENT TO DEFRAUD.　There can be no re-
covery on a provision in an automobile policy insuring the vendor
against all direct loss by the "disposal or concealment" of the auto-
mobile by the vendee, where the vendee drove the car into Canada
where it was seized and forfeited by the Canadian authorities for
transporting liquor without a permit in violation of the laws of that
country.

Appeal from a judgment of the superior court for
Whatcom county, Brown, J., entered January 22, 1923,
upon the verdict of a jury rendered in favor of the
plaintiff, in an action on an automobile insurance
policy. Reversed.

*Silvain & Butler,* for appellant.

*R. W. Greene,* for respondent.

MITCHELL, J.—This is an action on an insurance
policy issued by the North British & Mercantile In-
surance Company, Limited, in favor of the Knutzen
Auto Company, upon an automobile sold and delivered
by the auto company to one Barker under a conditional
sale contract without any separate promissory note
accompanying it.　The vendor and purchaser were
residents of Whatcom county.　Upon the trial of the
action, there was a verdict and judgment for the auto
company, from which the insurance company has ap-
pealed.

Appellant's motion for a nonsuit at the close of the
evidence on behalf of the respondent was denied.　Our

'Reported in 221 Pac. 339.

views in consideration of an assignment of error on the denial of that motion make it unnecessary to notice other assignments of error, there being no change in the effect of the evidence with respect to the merits of the motion at the close of all the evidence from what it was at the time the motion was made.

The respondent, upon taking the conditional sale contract, delivered it to the First National Bank of Linden, Washington, as collateral security. The bank notified Barker of that fact and demanded that payments be made to it. Within a few days Barker drove the automobile into Canada, where it was seized by the Canadian customs authorities, and it was later forfeited to the Crown for the offense of transporting whiskey without a license in violation of the custom laws of that government. The policy sued on, among other things, by a rider attached, provided that, in consideration of $7.50 additional premium, the insurance company "also insured the said vendor against all direct loss or damage which he may sustain by the disposal or concealment of said automobile by the said vendee, with intent to defraud the said vendor." It is upon the provisions of the rider contract, or not at all, that the respondent is entitled to prevail. Certainly there is no evidence in this record that Barker disposed of the automobile. On the contrary, the evidence shows that it was taken from him by the Canadian authorities in the exercise of their public duties. It shows that, near the international boundary line, the Canadian authorities searched the car, found that it contained whiskey, and Barker having no permit or license for the transportation of it, the authorities ordered him to step across the line into the United States and to leave the car in their custody. Barker was compelled so to do.

Nor was there any concealment of the car. He did not place or surrender it voluntarily, nor conceal or attempt to conceal it. It was taken from him openly by public authorities in the performance of public duties. The seizure occurred on Sunday, and promptly on the next morning Barker notified the First National Bank of Linden that the car had been taken by the Canadian authorities. Having seen that Barker neither disposed of nor concealed the car, it follows, of course, that the question of intent to defraud the vendor in the doing of either of those things, as provided for in the insurance rider contract, is not in the case.

Reversed and remanded with directions to the superior court to grant the appellant's motion for a nonsuit and to dismiss the action.

MAIN, C. J., FULLERTON, and BRIDGES, JJ., concur.