[No. 18005.  Department Two.  January 17, 1924.]

JAMES A. O'NEIL et al., Respondents, v. PACIFIC STATES
Fire Insurance Company, Appellant.[1]

INSURANCE (27) — INSURABLE INTEREST — CONTRACT FOR DEED —
ESTOPPEL TO DENY INTEREST. An insurance company which issues a
policy of fire insurance and accepts the premium on the statement
of insured that she was not the owner of the property but held it
under a contract for its purchase, cannot, in an action on the policy,
set up that she had no insurable interest; especially in view of
Rem. Comp. Stat., § 7033, defining insurable interest to include
every interest of such a nature that a contemplated peril might
directly damnify the insured.

SAME (78)—AVOIDANCE OF POLICY—BREACH OF CONDITIONS—TITLE
OR INTEREST OF INSURED—EVIDENCE—SUFFICIENCY. Liability on a fire
insurance policy, in an action by the owner of the property and his
vendee in possession under a contract of purchase, cannot be de-
feated by written instruments purporting to throw a doubt on
the vendee's rights, where the contract of purchase had not been
forfeited, the owner claimed nothing more in the property than the
balance due on the contract, and the property was reasonably worth
much more than the amount of the insurance above what would be
required to pay such balance.

APPEAL (458)—REVIEW—HARMLESS ERROR—EXCLUSION OF EVI-
DENCE. Error cannot be assigned on the exclusion of evidence that
was fully covered in the testimony of another witness.

Appeal from a judgment of the superior court for
Snohomish county, Alston, J., entered November 21,
1922, in favor of the plaintiff by direction of the court,
in an action on a fire insurance policy, tried to the court
and a jury.  Affirmed.

Cooley, Horan & Mulvihill and Gus C. Moser, for ap-
pellant.

E. C. Dailey, A. E. Dailey, and Wm. Sheller, for re-
spondents.

[1]Reported in 222 Pac. 215.

MITCHELL, J.—This is an action on a policy of fire insurance, instituted by James A. O'Neil and Mrs. Ella Heald. At the conclusion of the evidence on behalf of the plaintiffs, the defendant moved for a nonsuit, which was denied. The defendant, refusing to put in any evidence, moved for a directed verdict, which was denied. Thereupon the court directed a verdict against the defendant, and from a judgment thereon the appeal has been taken.

The policy of insurance was written and delivered by James A. O'Neil as agent for the company. It named Mrs. Heald as the insured and covered a hotel building and furniture in the sum of $4,000. O'Neil and his wife, as owners of the property, had given a real estate contract on it to Ray Heald, the husband of Mrs. Heald, and put him in possession. The real estate contract provided for deferred payments on the installment plan, which the vendee agreed to pay. It contained the common provision for forfeiture at the election of the vendor upon failure of the vendee to comply with the terms of payments and other conditions imposed. Ray Heald died before the payments were completed. It does not clearly appear if he was in default, but certainly no default was ever declared against him, or at all. Mrs. Heald continued in possession of the property, and in making application for the insurance in question it appears that, in answer to questions, she represented that she was not the owner of the property but held it under a contract for a deed. The same statement was made by the agent in his daily report to the company of the application and of the issuance of the policy. With this knowledge the company continued the policy in force and forwarded a statement for the collection of the premium. The policy was a renewal of insurance on the same property issued to Ray Heald

the previous year in which the same representation as to ownership was made, and in this policy as in that one there was a clause "loss, if any, payable to James A. O'Neil as his interest may appear."

The policy is in the standard form, and it is argued on behalf of the appellant that, since in this state a real estate contract like the one in question does not convey any interest, legal or equitable, to the vendee, Mrs. Heald had no insurable interest in the property and that the policy is void. The record shows that the company accepted her obligation to pay a premium of $174, having before it her representation that she was not the owner in fee of the property, but held it under a contract for a deed. Under such circumstances the appellant will not be permitted to say that she did not have an insurable interest, and especially so in view of the statute, § 7033, Rem. Comp. Stat. [P. C. § 2911], which, among other things, provides:

" 'Insurable Interest' is every interest in property, or any relation thereto, or liability in respect thereof, of such a nature that a contemplated peril might directly damnify the insured."

Appellant attempts further to turn aside liability because of several written instruments on the part of either or both James A. O'Neil and Mrs. Heald, all of which, however, were fully explained by them at the trial. They are too lengthy to be set out in full. One is an instrument dated December 22, 1921, after the death of Mr. Heald, signed by Mr. O'Neil and Mrs. Heald, which, among other things, allows him to sell or exchange the property to the best advantage and to get for her as much as he can over and above what he "has in same as his equity," and she is to do what she can to bring about a sale of the property, and that "at all times" he considers she "has valuable interest in

said property." Another instrument, signed by both on January 7, 1922, purports to agree that the original real estate contract had been forfeited by Ray Heald for nonpayments. It does not say that the vendors had ever elected, prior to the death of Mr. Heald, to declare the contract forfeited, nor that it was understood by Mr. Heald that he had forfeited his rights thereunder, but only that O'Neil and Mrs. Heald now state that it was then forfeited because of nonpayments. Mr. Heald was in possession of the property at the time of his death, it appears, and Mrs. Heald continued in possession of it thereafter and made some payments on the contract. There is no proof whatever that there has ever been any attempt at forfeiture so far as the estate of Mr. Heald is concerned, and, besides, as to this last instrument, it was clearly explained at the trial by the parties as being intended by them to overcome the effect of Mrs. Heald having lately recorded the real estate contract that stood in the name of her husband, now deceased, and that the present instrument was considered by them to be necessary to satisfy any prospective purchaser as to the title in the making of any sale contemplated by their agreement of December 22, 1921.

Another instrument was signed by Mrs. Heald the next day after the fire. It was delivered to an adjusting agent of the company, who, after talking with Mrs. Heald, visited her later on the same day and requested her to sign the writing prepared by him to the effect that she made no claim under the policy. It appears plain from the record that he practically frightened her into signing it, saying, as shown by the testimony of more than one witness, among other things, "that he was afraid she would get into trouble about the fire and the best thing she could do would be to sign the

paper." Afterwards, however, she did send in proof of the loss.

The other instrument relied on is a letter to the company by Mr. O'Neil some days after the fire in which he claimed the full amount of insurance. The letter might possibly cause the company trouble or hesitation in deciding to whom the money was payable, as it was provided in the policy that the loss should be payable to him as "his interest may appear," but the letter cannot justify the company in seeking to escape from a judgment at the suit of all the parties who together are entitled to the payment.

Mr. O'Neil frankly testified at the trial that at all times mentioned he claimed nothing more in the property than the balance due him on the original contract, and that he had attempted and intended to protect Mrs. Heald accordingly. His testimony further shows that, at the time of the fire, the property altogether was reasonably worth more than the amount of the insurance above what would be required to pay him the balance due on the real estate contract. It further shows that the property destroyed by the fire was of a value in excess of the amount of the insurance.

One other assignment of error is the sustaining of an objection to a question by appellant's counsel, on the cross-examination of Mrs. Heald, as to what interest she claimed in the property. The ruling was entirely harmless because Mr. O'Neil, the only other party interested in the property, had sufficiently covered the matter in his testimony, if the matter was of any importance whatever to the company.

Judgment affirmed.

MAIN, C. J., BRIDGES, FULLERTON, and PEMBERTON, JJ., concur.