[No. 19180.   Department Two.   August 17, 1925.]

SEATTLE DODGE SERVICE COMPANY, *Appellant,* v. ROYAL INSURANCE COMPANY, *Respondent.*[1]

INSURANCE (49-1)—AUTOMOBILE INSURANCE—DISPOSAL OR CONCEALMENT OF PROPERTY.  There was no "disposal or concealment" by the vendee of an automobile, within the terms of a policy of insurance with an embezzlement rider, where it appears that the vendee notified the insured that the car was damaged at a certain place in another state, where it could be, and was, repossessed; and the fact that the removal from the state was a violation of the terms of the sales contract does not render the insurance company liable on the policy for "disposal or concealment."

Appeal from a judgment of the superior court for King county, Mills, J., entered July 14, 1924, in favor of the defendant, notwithstanding the verdict of a jury rendered in favor of the plaintiff, in an action upon a policy of indemnity insurance.  Affirmed.

*Arthur H. Hutchinson,* for appellant.

*Fred G. Clarke,* for respondent.

TOLMAN, C. J.—This litigation arises out of the following facts:

The second-hand Ford Sedan was sold on conditional sale contract, $125 of the purchase price being paid in cash, the balance of $368.75 being payable in monthly installments.  The contract, among other things, provides:

[1]Reported in 238 Pac. 568.

"Said vendee hereby acknowledges receipt of said property in good condition and agrees not to sell or dispose of, or offer to sell or dispose of or loan the same, or put out of or allow the same in any manner out of his possession, or in any way or manner to encumber the same or permit liens or charges of any kind to attach or be placed or filed upon or against the same, or to remove or permit the same to be removed from the state of Washington . . . without the written consent of the vendor. . . ."

At the time of the sale, the vendor procured a policy of insurance having a so-called embezzlement rider which provides:

". . . also insures the said vendor against all direct loss or damage which he may sustain caused by the disposal or concealment of said automobile by the said vendee, with intent to defraud the said vendor, not exceeding the amount named in said policy nor the actual cash value of the said automobile at the time of such disposal or concealment, nor exceeding two-thirds of the contract purchase price thereof, and in no event to exceed the amount of the unpaid portion of the purchase price of said automobile, exclusive of any interest thereon after default. . . ."

The vendee gave certain references, but none of them were interviewed or communicated with until after the car had been delivered to him. Thereafter, it developed that a letter addressed to one reference was returned undelivered, a letter to another was never answered, and a third reference was found to be a wholly irresponsible person.

The first installment was not paid when due, and the vendor immediately began an investigation and attempted to locate the vendee and the car, without success, going to the extent of procuring the issuance of a warrant against the vendee for the removal of mortgaged property, which warrant was returned by the

sheriff of King county, where the sale was made, indorsed "not found."

About this time, the vendor received a letter purporting to be written by the vendee from Wallace, Idaho, indicating that the car was there in a wrecked condition; that he could and would make no further payments; and that it might be repossessed if the vendor wished. The vendor sent for the car, caused it to be repaired, the cost of retaking and repairing amounting to $373.65, or more than the unpaid balance of the purchase price; and brought this action to recover two-thirds of the purchase price under the terms of the insurance policy above quoted.

A verdict for the full amount sued for was returned by the jury. On motion for judgment *non obstante veredicto,* this verdict was set aside and a judgment of dismissal with prejudice was entered; from which the plaintiff has appealed.

Appellant seems to argue that the policy sued upon was intended to give protection against an absconding vendee, and that, under the familiar rule that the policy must be liberally construed in favor of the insured and strictly against the insurer, we should reverse the action of the trial court. The trouble with this argument is that the language of the policy is plain and unambiguous and permits of no interpretation or construction other than to give the words used their usual and ordinary meaning. The record shows no "disposal or concealment . . . by the vendee, with intent to defraud the said vendor, . . ." True, the contract provides that the car shall not be taken without the state; but the violation of this provision does not of itself show disposal or concealment, nor intent to defraud. The fact that the car was damaged has, of course, nothing to do with the case, and the giving

of notice as to its whereabouts negatives the idea of disposal or concealment. A similar policy was under construction in the case of *Knutzen Auto Co. v. North British & Mercantile Insurance Co.*, 127 Wash. 650, 221 Pac. 339, where, if anything, the facts were more favorable to the insured; but it was there held that there had been no disposal or concealment. Still less, we think, was disposal or concealment shown here.

The action of the trial court in granting judgment n.o.v. was right and that judgment is affirmed.

FULLERTON, HOLCOMB, MACKINTOSH, and MAIN, JJ., concur.