[No. 21375.   Department One.   January 11, 1929.]

D. B. HASSETT, *Respondent*, v. PENNSYLVANIA FIRE IN-SURANCE COMPANY, *Appellant*.[1]

[1]Reported in 273 Pac. 745.

*E. Eugene Davis* and *Raymond F. Kelly*, for appellant.

*Grady & Velikanje*, for respondent.

BEALS, J.—This is an action upon a policy of insurance, written by defendant, insuring, among other things, against fraudulent disposal or concealment of an automobile. Plaintiff recovered judgment in the sum of $273.50, from which defendant appeals.

The facts giving rise to this litigation are as follows: On July 10, 1925, respondent sold, by contract of conditional sale, a Ford automobile to A. Peterson and Lee D. Maltby for the sum of $447.25, of which $135 was paid in cash, the balance of $312.25 to be paid in monthly installments. Possession of the automobile was delivered to the vendees on the day of sale, and on July 15 following respondent assigned his contract of sale to Yakima Finance Corporation, the conditional sale contract and assignment being on July 15 filed in the office of the auditor of Yakima county.

On July 10, the day of the sale, appellant issued to the purchasers of the car the policy of insurance sued on, protecting them and respondent against loss of the car by fire or collision, and attached to the policy a rider, stating an extra consideration and insuring respondent

" . . . against all direct loss or damage which he may sustain caused by the disposal or concealment of said automobile by the said vendee with intent to defraud the said vendor, not exceeding the amount named in said policy or the actual cash value of the said automobile at the time of such disposal or concealment. . . . The abandonment by the vendee of said automobile shall be deemed to constitute a fraudulent disposal or concealment thereof, and in the event of the location of said automobile after such abandonment the obligation hereby assumed shall be satisfied

by returning said automobile to the place of sale. In the event that said abandoned automobile shall be located in the possession of some person having a valid lien thereon for safe-keeping or repairs, not arising out of any order of the vendor, this company obligates itself to pay said lien up to, but not exceeding, the sum of one hundred dollars ($100), together with the cost of transportation of said automobile to said place of sale.''

On August 28, 1925, appellant attached to this policy a rider to the effect that loss under the policy should be payable, first to the Yakima Finance Corporation, as its interest might appear, the remainder, if any, to the vendees.

On July 25, 1925, Lee D. Maltby, one of the purchasers of the automobile, drove the car into Canada under a thirty days' touring permit. Two days later, the Canadian authorities, on discovering that Mr. Maltby was using the car for commercial purposes, demonstrating and selling an automobile polish, seized the car, whereupon Mr. Maltby disappeared and, as far as the record shows, has not been heard from further in connection with the subject-matter of this action.

No payments being made upon the contract of sale of the automobile, on September 20, 1925, Yakima Finance Corporation and respondent gave notice to appellant of the disappearance of the car and filed proofs of loss alleging embezzlement thereof. The first proofs of loss filed were incorrect in form, and a corrected claim was filed October 6. Not until about December 2, 1925, was the whereabouts of the car discovered, when it was learned that the same was in the possession of the Canadian authorities, held for certain storage charges and an export fee in the sum of fifty dollars.

A little later Mr. Peterson, the other of the purchasers of the car, was located in Yakima, and attempts were made to induce him to go to British Columbia and bring the car back to its home station. Mr. Peterson, however, had lost interest in the proposition and failed to resume possession of the car, which the record does not show was ever recovered by any of the parties interested herein.

Respondent, having, when he assigned the contract for the sale of the car to Yakima Finance Corporation, guaranteed the payments due under the contract, was sued by his assignee and compelled to make good upon his guaranty. The contract of insurance contained a provision to the effect that no suit or action should be maintained thereon "unless commenced within twelve months next after the happening of the loss." This was commenced November 5, 1926, more than twelve months after the seizure of the automobile by the Canadian officials.

Appellant excepted to all the findings of fact made by the trial court, except those which are merely formal, excepted to the conclusion of law to the effect that respondent was entitled to judgment against appellant and to the judgment as entered by the court.

Appellant contends that the loss proven does not bring respondent's claim within the terms of the policy, and cites in support of its contention two decisions by this court.

In the earlier of these cases, *Knutzen Auto Co. v. North British & Mercantile Insurance Co.*, 127 Wash. 650, 221 Pac. 339, it was held that the seizure of an automobile by the Canadian customs officers did not constitute a loss under a policy protecting the insured against

"  . . .  all direct loss or damage which he may sustain by the disposal or concealment of said automo-

bile by the said vendee with intent to defraud the said vendor.''

In the second case, that of *Seattle Dodge Service Co. v. Royal Insurance Co.*, 135 Wash. 524, 238 Pac. 568, it appeared that the purchaser took the automobile into an adjoining state (in violation of the terms of the conditional sale contract), where the car was wrecked. He then notified his vendor of the location of the car, that he would make no further payments thereon, and that the vendor could take possession of the car if it desired to do so.

In the latter case it was held that under the policy there was ''no disposal or concealment'' of the automobile by the vendee with intent to defraud the vendor, as the vendee gave the vendor notice of the whereabouts of the machine and had not disposed thereof.

Under the cases cited, respondent in this case must recover, if at all, upon the clause of the policy, above quoted, to the effect that the abandonment of the car by the vendees should be deemed to constitute a fraudulent disposal or concealment thereof. It does not appear that this clause was contained in either of the policies sued upon in the two cases above cited, and it is clear that this provision of the policy differentiates this action from those cases, and deprives the decisions therein of point, in so far as this case is concerned.

In our opinion, the circumstances disclosed by the evidence constitute, in law, under the policy, an abandonment of the car by the vendees. The car was seized in a foreign country by the lawfully constituted authorities, and Messrs. Maltby and Peterson left the machine for many months in the possession of those officials, who were holding the same under threat of condemnation and sale, without, as far as disclosed by the record, making any effort to re-obtain possession thereof.

In the next place, appellant contends that because respondent, five days after the execution of the contract of conditional sale to Messrs. Peterson and Maltby, sold and assigned the car and his contract for the sale thereof to the Yakima Finance Corporation, respondent cannot maintain this action, having parted with all interest in the automobile which is the basic subject-matter thereof.

In support of this proposition, appellant cites the case of *Commercial Credit Co. v. National Credit Co.*, 143 Wash. 253, 255 Pac. 104, which action was between the assignee of a conditional sale contract of an automobile and the assignee of a later conditional sale contract of the same car, fraudulently entered into by the original vendor, who had repossessed the car, as its first assignee's agent, and wrongfully entered into a second contract of conditional sale thereof, which it later assigned.

It was properly held that the guaranty made by the vendor in the first assignment neither added to nor detracted from the rights or obligations of the conditional sale contract vendee, he not being a party to the assignment and guaranty contract. The question decided in the case last cited was entirely different from that which is now before us.

Our code (Rem. Comp. Stat., § 7033) defines "insurable interest" as follows:

" 'Insurable Interest' is every interest in property, or any relation thereto, or liability in respect thereof, of such a nature that a contemplated peril might directly damnify the insured."

The following decisions of this court are also in point and support the proposition that respondent's interest in the subject-matter of the insurance policy was sufficient to entitle him to maintain this action: *Cushing v. Williamsburg City Ins. Co.*, 4 Wash. 538, 30

Pac. 736; *Osborne v. Phoenix Insurance Co.*, 90 Wash. 387, 156 Pac. 5; *Delanty v. Yang Tsze Ins. Ass'n,* 127 Wash. 238, 220 Pac. 754; *O'Neil v. Pacific States Fire Ins. Co.*, 128 Wash. 133, 222 Pac. 215.

Under the facts in this case we hold that respondent had at all times, due to his guaranty, an insurable interest in the car, and, having been compelled to make good under his guaranty to his assignee, is entitled to maintain this action.

■ Appellant next contends that this action was not commenced within the time limited by the policy for the commencement of a suit thereon, and that therefore the judgment must be reversed and the action dismissed.

As above set forth, the policy contains a provision that an action thereon must be commenced "within twelve months next after the happening of the loss." This provision of the policy is reasonable and valid, and should be enforced by the courts when applicable to any state of facts presented for determination. *Hefner v. Great American Ins. Co.*, 126 Wash. 390, 218 Pac. 206.

■ It becomes necessary therefore to determine whether or not the "loss" of the car "happened" more than twelve months prior to the institution of this action. In our opinion this question must be answered in the negative. Under the evidence before us, it cannot be adjudged that the loss occurred July 27, the date the car was seized by the officials of the Canadian customs service, as that seizure no wise constituted an abandonment of the car by the purchasers. There is no testimony in the record that Mr. Maltby then definitely abandoned the car, and it cannot be presumed that such an abandonment immediately took place.

Of course, if at any time the purchasers had made any statements or in some way by affirmative action

definitely indicated their intention to abandon the car, a different state of facts would be presented and a fixed date of abandonment could be established, but there is no such evidence in the record. Appellant's agents, during the winter of 1926, brought pressure to bear upon Mr. Peterson to induce him to resume possession of the car, which, according to correspondence between appellant's representatives and the Canadian authorities, would at that time have been delivered to any person entitled thereto, upon payment of storage charges and the export fee.

The evidence fails to show any abandonment of the automobile before these negotiations with Mr. Peterson and his failure to act, and, without deciding as to exactly when, under the circumstances shown, the loss under the policy should be held to have "happened," the record fails to show that the loss did happen more than twelve months before the institution of this action, and we hold that the same is not barred by the time limitation as to the bringing of suit contained in the insurance policy.

Finding no error in the record, the judgment is affirmed.

FULLERTON, C. J., MITCHELL, TOLMAN, and HOLCOMB, JJ., concur.