[No. 24833.   Department Two.   March 23, 1934.]

HOWARD W. BROWN *et al., Respondents,* v. NORTH-
WESTERN MUTUAL FIRE ASSOCIATION, *Appellant,*
DOROTHY BARGER *et al., Defendants.*

NORTHWESTERN MUTUAL FIRE ASSOCIATION, *Appellant,*
v. HOWARD W. BROWN *et al., Respondents,*
R. L. BARGER *et al., Defendants.*[1]

[1]Reported in 30 P. (2d) 640.

694

Shank, Belt & Rode, for appellant.
Tucker & Tucker, for respondents.

HOLCOMB, J.—This is an appeal from a judgment entered by the court below upon the pleadings in two consolidated actions involving the same state of facts. The allegations of the respective pleadings are substantially as follows:

Appellant began one action against respondents and others for the foreclosure of a real estate mortgage which had been assigned to it for a valuable consideration by the Washington Mutual Savings Bank, of Seattle. Respondents filed their answer to this foreclosure action and also commenced an action against appellant, in which the following allegations are undenied by appellant:

That respondents, being then the owners of the mortgaged premises, on November 4, 1929, entered into a forfeitable executory contract for the sale thereof to Dorothy Barger and her husband; that one of the terms of this contract was that the purchasers should insure the premises for the benefit of respondents; that, according to such agreement, the Bargers procured a policy of insurance from appellant; that the Bargers failed to comply with the terms of their contract to purchase the property, on account of which default, on November 22, 1932, respondents elected to declare the contract forfeited, and on that day commenced an action in the superior court of King county to have such contract declared forfeited and oust the Bargers from the possession of the property; that, while that action was pending, the property

described in the policy of insurance was totally destroyed by fire; that the Bargers

". . . failed to make any proof of loss, and have failed to make any claim to the insurance aforesaid, and, in truth and in fact, they have no right, title, claim or interest therein or thereto";

and that appellant paid the Washington Mutual Savings Bank the full amount due upon the mortgage. The only allegation that is denied by appellant is that such payment was in satisfaction of the mortgage.

Appellant, in its reply to the foreclosure action and answering respondents' action, alleged that the insured, Dorothy C. Barger, had violated the terms of the insurance policy by forfeiting all her interest in the insured property by reason of the failure to comply with the terms and conditions of the contract of purchase; and that respondents had

". . . irrevocably elected to declare such contract forfeited and had brought an action to eject the said Dorothy Barger from the said premises, which action was pending at the time of the said fire. That all of the matters and things aforesaid constituted an increase of the hazard and a breach of the said policy of insurance, and on account of the matters and things aforesaid the said policy of insurance was of no force and effect at the time of the said fire."

In their action against the Bargers and appellant, respondents set up their contract with the Bargers, which, among other things, included a provision to pay and satisfy a mortgage of two thousand dollars to the Washington Mutual Savings Bank, of Seattle, and to make certain payments monthly to respondents, keep all taxes paid up and keep the improvements on the premises insured for their full value for the benefit of the bank and respondent; that, upon failure of any of these things, the contract might be can-

celled. In accordance therewith, she had procured a policy of fire insurance from appellant for thirty-five hundred dollars on the house and four hundred dollars on the garage and contents situated on the premises, in her own name, the policy being dated August 19, 1930, and expiring August 19, 1933, the full premium for which was paid in advance.

The Bargers became delinquent in their payments both to the bank and respondents, and failed to pay the taxes as required by the contract. Respondents served formal notice on the Bargers that, unless the delinquent payments and taxes were paid within thirty days, they would take action to have the contract cancelled and ask for possession of the property. The Bargers failed to make up the delinquency, whereupon respondents, on about November 22, 1932, filed their suit, which is one of the causes consolidated in this trial, asking a decree that the contract be cancelled and that possession of the property be restored to respondents. The Bargers answered in this action, setting up a defense, and before the action came to trial, the house on the premises, on about December 28, 1932, was totally destroyed by fire.

Respondents caused proof of loss to be served upon appellant, and were shortly thereafter informed by appellant by letter that respondents had no interest in the insurance money. Subsequent thereto, appellant paid to the bank the sum of $1,847.45, the full balance remaining due on the mortgage, but caused the bank to assign to it the mortgage and note secured thereby.

In their action against appellant, in which the Bargers were also made parties, respondents pray for judgment for the insurance money after first satisfying the mortgage on the record, the balance to be paid respondents in cash.

In its answer to the complaint in the last mentioned action, appellant admits payment to the bank, and sets up as a defense that Dorothy Barger never had any title to the premises; that respondents had elected to declare the contract forfeited and had brought this action to eject her from the premises, which action was pending at the time of the fire, all of which constituted an increase of hazard and a breach of conditions in the policy of insurance as contained in the body of the policy. This is the only defense made by appellant in the pleadings in this last mentioned suit. The Bargers made no answer to the two second actions.

Copies of the insurance policy and the rider, under which respondents claim, were attached to the pleading and made a part thereof. The policy followed the statutory form and contained the following clauses:

"This entire policy . . . shall be void . . . if the hazard be increased by any means within the control or knowledge of the insured . . . or if the interest of the insured be other than unconditional and sole ownership; or if the subject of insurance be a building on ground not owned by the insured in fee simple . . ., or if any change . . . takes place in the interest, title or possession of the subject of insurance . . . whether by legal process or judgment or by voluntary act of the insured, or otherwise, or if this policy be assigned before a loss. . . ."

"It is understood that Dorothy C. Barger, as Vendee, is/are in possession of the above described property under a contract of sale from Howard W. & Roselle Brown & Edgar P. Bolton, as vendor and that Washington Mutual Savings Bank is the holder of a mortgage or trust deed covering said property. It is agreed that subject to all terms and conditions of this policy and subject to the conditions of the mortgage clause (if any) made a part of this policy, loss if any thereunder, shall be payable as follows, to-wit:

"FIRST: To Washington Mutual Savings Bank Mortgagee, address 1101 2nd Ave., Seattle, Wash., or holder of a trust deed if any to an amount not exceeding the indebtedness secured by said property at the time of loss;

"SECOND: To Howard W. & Roselle Brown & Edgar P. Bolton, vendor, address 1343 So. Sycamore Ave., Los Angeles, Calif., to an amount not exceeding the balance due at the time of loss upon the contract of sale above referred to;

"THIRD: To Dorothy C. Barger, vendee, address Burton, Wash.

"PROVIDED, however, That in no event shall any of the above payments, or the aggregate thereof exceed the amount for which this policy is written, or the amount for which this company may be liable on any loss thereunder; and provided, further, That if, at the time of any loss there be other insurance whether valid or not, on either the interest of the vendor or vendee, this company shall only pay its pro rata share of the loss suffered by the owner of the interest covered by such other insurance."

The only question to be decided, in our judgment, is whether respondents are entitled to recover against the insurer on the allegations of the pleadings as hereinbefore disclosed.

Appellant strenuously contends that the policy of insurance was voided by reason of a breach of its provisions caused by the insured losing all of her interest in the insured property.

It cannot be successfully disputed that the legal and equitable title of the real estate was in respondents, *Ashford v. Reese,* 132 Wash. 649, 233 Pac. 29; and it is also just as certain that respondents, as well as the Bargers, had an insurable interest in the premises. *O'Neil v. Pacific States Fire Insurance Co.,* 128 Wash. 133, 222 Pac. 215.

Under the terms of the policy before us, the

insurer recognized that the Bargers were in possession of the premises under a contract of sale from respondents, as vendors, and that the bank held a mortgage or trust deed covering the property. It was agreed by appellant in the rider theretofore quoted that the interest of the mortgagee should first be protected, next the interest of respondents, and next the interest of the Bargers, as vendees.

It has been well established by this court that a separate mortgage clause is an independent contract as to all other provisions contained within it, and makes the mortgagee merely an appointee to receive the money in case of a loss. *Oregon Mortgage Co. v. Hartford Fire Insurance Co.,* 122 Wash. 183, 210 Pac. 385.

That obligation has been satisfied. The next obligation is to respondents as vendors, who had an insurable interest under our law, which has not been satisfied. The next obligation is to the Bargers as vendees, and they are not claiming any of the money. The property has been destroyed, and the money stands in lieu of it.

Under the *Oregon Mortgage Co.* case, *supra,* at the time the policy was written and the mortgage clause attached, the interest was that of mortgagee only, but the parties must have had in contemplation the possibility that foreclosure of the mortgage and the purchase at execution sale by the mortgagee might subsequently become necessary, and the result thus obtained was merely to increase the interest of the mortgagee in the property without adding to the risk.

The same principle applies here to respondents. It must have been contemplated by appellant, as well as respondents, that the Bargers might default in their payments; that the property might be destroyed by a fire, and whoever then held the insurable interest of the Bargers under the contract of insurance would cer-

tainly be entitled to receive the balance of the insurance fund after the satisfaction of the mortgage debt. If it were not contemplated that respondents might be compelled to acquire absolute title to the premises, why attach any rider at all? Why insure the insurable interest of respondents as was done?

If there were any doubt about who was intended to be insured under this policy, it is the universal rule that insurance policies are strictly construed against the insurer and liberally construed in favor of the insured. *Stebbins v. Westchester Fire Insurance Co.,* 115 Wash. 623, 197 Pac. 913; *Guaranty Trust Co. v. Continental Life Insurance Co.,* 159 Wash. 683, 294 Pac. 585.

In both its briefs, appellant iterates and reiterates that the rider on which respondents rely expressly states that it was also "subject to all terms and conditions of this policy." Appellant then cites our cases, such as *Menger v. Inland Empire Farmers' Mutual Fire Insurance Co.,* 118 Wash. 514, 203 Pac. 934, where the insured sold the property and assigned their interest in the policy of insurance without the consent of the insurance company, and it was held that the policy was voided.

In *Wyley v. Federal Insurance Company,* 136 Wash. 686, 241 Pac. 292, where the taking out of additional insurance by the insured, a conditional sale vendee, was prohibited under the policy, it was held a bar under the "loss payable clause" that such additional insurance was procured by the insured.

A critical examination of other cases cited: *Jump v. North British & Mercantile Insurance Co. of London,* 44 Wash. 596, 87 Pac. 928; *Henslin v. United States Fire Insurance Co.,* 152 Wash. 637, 278 Pac. 702; *Johnson v. Inland Empire Farmers' Mutual Insurance Co.,*

155 Wash. 6, 283 Pac. 177; *Collins v. Lumbermens Insurance Co. of Philadelphia,* 162 Wash. 1, 297 Pac. 748; *Clark v. Western Insurance Co.,* 168 Wash. 366, 12 P. (2d) 408; *Bezich v. Columbia Insurance Co.,* 168 Wash. 379, 12 P. (2d) 413; discloses that they are no more in point upon the facts and contracts involved than those above discussed.

Other cases, such as *Smith v. Germania Fire Insurance Co.,* 102 Ore. 569, 202 Pac. 1088, 19 A. L. R. 1444, in actions upon fire insurance policies making the loss payable to a mortgagee, where the insured willfully and intentionally caused the premises to be burned for the purpose of obtaining the insurance and defrauding the insurer, the courts justly held that the insured could not profit by his own wrong; and therefore his appointee, the mortgagee, was in no better status than the insured, and could not recover by reason of the loss payable clause in favor of the mortgagee, providing that "loss, if any, subject, however, to all the terms and conditions of this policy," as in the contract before us.

It is possible that, had the Bargers, who were then in possession of the property at the time of the fire, been shown to have willfully caused the fire for the purpose of defrauding the insurance company, that would have applied to the mortgagee but possibly not to respondents, the legal holders of the title, in the absence of any collusion between them and the Bargers. There is no suggestion in the case before us on the part of the Bargers, who were then in possession, or of respondents in causing the loss.

In *Dodge v. Hamburg-Bremen Fire Insurance Co.,* 4 Kan. App. 415, 46 Pac. 25, the court held:

"When an insurance company insures a mortgage lien, it must anticipate that, upon default, the lienholder will begin foreclosure proceedings, obtain judg-

ment, and secure a sale of the mortgaged property.
. . . If a stranger is the purchaser there is a change
of ownership. If the mortgagee is the purchaser his
interest is changed from a lien-holder to an owner in
fee. . . . In no way was the risk increased. The
title had not vested in some one other than the in-
sured.''

To the same effect is *Citizens State Bank of Chau-
tauqua v. Shawnee Fire Insurance Co.,* 91 Kan. 18, 137
Pac. 78, 49 L. R. A. (N. S.) 972.

The decision by this court in the *Oregon Mortgage
Co.* case, *supra,* is upon the same principle.

See, also, *Boyd v. Thuringia Insurance Co.,* 25 Wash.
447, 65 Pac. 785, 55 L. R. A. 165; *Stebbins v. Westches-
ter Fire Ins. Co.,* 115 Wash. 623, 197 Pac. 913.

Although appellant has gone far afield and cited
many cases on liability of insurers on insurance con-
tracts containing loss payable clauses similar to that
before us, none of the cases examined are analogous to
that before us. In this case, the vendee had not lost
all of her interest in the insured property until after
the fire. Appellant had voluntarily insured that inter-
est and accepted the risk of absolute title passing from
that insured to the other insured, these respondents.

Appellant further contends that:

''Under the terms of the rider which granted the
only right which the respondents could claim, the re-
spondents were entitled to recover no more than the
balance due at the time of loss upon the contract of
sale above referred to, and at the time of loss there
was nothing due upon this contract.''

Under this contention, it is argued that, inasmuch as
Dorothy C. Barger had defaulted, respondents had two
alternatives: To enforce their right to recover the
balance of the agreed price or to declare a forfeiture
and reenter the premises, but could not do both; and, it

having elected the second remedy, that they are not entitled to the remainder of the insurance fund.

This argument is ingenious, but loses sight of the fact that respondents were just as much the insured as Dorothy C. Barger. When the Bargers defaulted on their contract and while suit was pending to forfeit the contract, the building insured was burned and totally lost. To proceed merely with the forfeiture, when the Bargers are not even laying claim to the balance of the insurance money, would be to leave only an empty shell in the hands of respondents and relieve appellant of insurance for which it voluntarily contracted. Respondents have the undoubted right to step into the shoes of the Bargers. The loss payable clause has been assumed, in so far as the mortgagee is concerned, and satisfied. Respondents should be as fully protected as the bank as mortgagee.

We therefore conclude that respondents are entitled to recover under the pleadings as they were made, and that the judgment in their favor is correct.

Affirmed.

BEALS, C. J., TOLMAN, BLAKE, and GERAGHTY, JJ., concur.