[No. 34588. Department Two. August 28, 1958.]

DALE JANOSKY, *Appellant*, v. PREFERRED INSURANCE EX-
CHANGE, *Respondent.*[1]

[1]Reported in 329 P. (2d) 207.

*Wilmot W. Garvin* and *Edward W. Robertson,* for appellant.

*Murray, Dunham & Sandelin* (*D. Scott Sandelin,* of council), for respondent.

ROSELLINI, J.—This action was brought upon a policy of insurance affording protection against damage to a Fruehauf semitrailer van tandem. The policy was issued to a conditional vendee, and the plaintiff, conditional vendor, was named loss payee in a rider attached thereto. The trailer was damaged on or about January 9, 1957. The defendant, exercising its option under the policy to repair the vehicle, undertook to have the trailer repaired by the Fruehauf Trailer Company of Seattle. Repairs were made, but they were according to the allegations of the complaint inadequate to place the trailer in the condition in which it was before the accident.

In his first cause of action, the plaintiff alleged the failure to repair and asked damages in the amount required to restore the trailer to its previous condition. The cause was tried to the court, which found for the plaintiff on this phase of the action.

Although not a model pleading, the following allegations can be inferred from the matters set forth in the second cause of action if liberally construed: that the conditional vendee, after the trailer had been damaged, surrendered its interest and title to the vehicle to the plaintiff, the conditional vendor; that the defendant had exercised its option to repair the trailer and had failed to have the said repairs made within a reasonable length of time and had retained possession of said trailer, thereby depriving plaintiff of the use of it; and that at the time the amended complaint was verified, August 29, 1957, the vehicle had not been returned. Damages for loss of use were asked from and after February

20, 1957, the date beyond which the plaintiff alleged that retention of the trailer was unreasonable. A demurrer to this cause of action was sustained; and it is from the dismissal of this phase of the action that this appeal is taken.

 "In determining whether or not a complaint is sufficient as against a demurrer, the pleading, taken as a whole, will be liberally, not strictly, construed, with a view to substantial justice between the parties. . . .

"We have frequently held that where substantial facts constituting a cause of action are stated in the complaint or can reasonably be inferred from the matters set forth therein, although the allegations of such facts are in effect conclusions of law, or are otherwise imperfect, incomplete, or defective, the insufficiency pertaining to the form rather than to the substance of the pleading, the proper mode of correction is not by demurrer nor by excluding evidence at the trial, but by motion before trial to make the averments more definite and certain by amendment. *McMahan v. Mutual Benefit Health & Acc. Ass'n, supra,* and cases therein cited." *McHenry v. Short,* 29 Wn. (2d) 263, 186 P. (2d) 900.

Defendant contends that the plaintiff brought this action in a derivative capacity; and that the plaintiff failed to state a cause of action because he did not allege that the conditional vendee sustained the loss of use; and that the contract of insurance did not provide for loss of use during repair.

 The rule is that, where an insurer exercises its option under a policy to repair the insured property, the repairs must be made within a reasonable time. *Resolute Ins. Co. v. Bailey,* 221 Ark. 419, 253 S. W. (2d) 771; *Interstate Ins. Co. v. Logan,* 205 Md. 583, 109 A. (2d) 904; *Letendre v. Automobile Ins. Co. of Hartford,* 43 R. I. 410, 112 Atl. 783. The insurer is liable to the insured for unreasonable delay in making the repairs (*Letendre v. Automobile Ins. Co., supra*), or for conversion if the property is not returned to the owner within a reasonable time after the repairs are made (*Interstate Ins. Co. v. Logan, supra*). It was held in *Resolute Ins. Co. v. Bailey, supra,* that an unreasonable delay in making repairs rendered the insurer liable to pay a statutory penalty and the insured's attorney's fees.

■ Where the conditional vendor is named as loss payee, as his interest may appear, the insurer assumes the risk that title may pass from the vendee to the vendor, by virtue of a forfeiture; *Brown v. Northwestern Mut. Fire Ass'n*, 176 Wash. 693, 30 P. (2d) 640, cited with approval in *Fageol Truck & Coach Co. v. Pacific Indemnity Co.*, 18 Cal. (2d) 731, 117 P. (2d) 661. In the latter case, the defendants had issued to a conditional vendee of a truck policies covering loss by collision, in which policies the plaintiff, as conditional vendor, was named as loss payee. The collision occurred in the state of Washington, and the court applied the law of this state in deciding whether, after a forfeiture of the sale contract following the accident, the vendor was entitled to the insurance proceeds. In holding in favor of the vendor, the court said:

"Where a loss payable clause is annexed to a policy, the indemnitee named in the endorsement is as much entitled to indemnification for his loss as is the person named as the insured."

This principle is also set forth in *Brown v. Northwestern Mut. Fire Ass'n*, *supra*, in which there is quoted with approval the following statement from *Dodge v. Hamburg-Bremen Fire Ins. Co.*, 4 Kan. App. 415, 46 Pac. 25:

"When an insurance company insures a mortgage lien, it must anticipate that, upon default, the lien-holder will begin foreclosure proceedings, obtain judgment, and secure a sale of the mortgaged property. . . . If a stranger is the purchaser there is a change of ownership. If the mortgagee is the purchaser his interest is changed from a lien-holder to an owner in fee. . . . In no way was the risk increased. The title had not vested in some one other than the insured."

■ So, in this case, when the sale contract was forfeited, the plaintiff became the owner of the chattel, and, as such, he is entitled to recover the damages which have naturally flowed from an unreasonable delay in the fulfillment of the defendant's contract to repair if such a delay has occurred.

The judgment on the second cause of action is reversed, and the cause is remanded for trial.

HILL, C. J., DONWORTH, WEAVER, and OTT, JJ., concur.

