Argued April 1, affirmed April 29, 1964

# KELLY *v.* EMPIRE FIRE AND MARINE INSURANCE COMPANY

391 P. 2d 770

*John B. Souther,* Portland, argued the cause for appellant. On the briefs were Mautz, Souther, Spaulding, Kinsey & Williamson, Portland.

*Allen T. Murphy, Jr.,* Portland, argued the cause for respondent. With him on the brief were Veatch & Lovett, Portland.

Before McALLISTER, Chief Justice, and ROSSMAN, SLOAN, DENECKE and LUSK, Justices.

SLOAN, J.

Plaintiff was the named insured in a policy issued by defendant. The policy, by endorsement, covered a semi-trailer. The policy contained the usual declaration that plaintiff, except for certain qualifications not here pertinent, was the "sole owner" of the property insured. The trailer was damaged in a fire. It developed that plaintiff was not the owner of the trailer. Plaintiff had merely given his oral guaranty to make good any failure of the one who did purchase the trailer to make certain installment payments on the purchase price of the trailer. This was plaintiffs only insurable interest. Defendant refused to pay and this action ensued. Plaintiff obtained a jury verdict and judgment. The court later entered a judgment n.o.v. Plaintiff appeals.

■ The evidence was undisputed that plaintiff was not the owner of the trailer. It was equally clear that defendant would not have issued the insurance and endorsement covering the trailer if the true facts had been known. Plaintiff, therefore, had the burden to show that defendant had waived any right to rely on the declaration of ownership. Plaintiff failed to carry that burden.

■ The insurance contract here involved was referred to as "long-haul" insurance. It is a form of insurance contract that is not often issued to an individual

owner. In this instance the coverage was solicited of defendant by plaintiff's insurance broker. The broker had no authority to bind defendant in any particular. This is not a case like *Allesina v. London Ins. Co.,* 1904, 45 Or 441, 78 P 392, and like cases, cited by plaintiff, in which an agent had authority to commit his company. In the instant case there was not any evidence that an authorized agent or officer of defendant obtained any knowledge of the true facts or had any duty to do so. *Rosedale Securities Co. v. Home Ins. Co.,* 1926, 120 Kansas 415, 243 P 1023. Lacking that knowledge defendant could not have waived its rights. This is axiomatic. 16 Appleman, Insurance Law & Practice (1944) § 9086, page 613 et seq.

Furthermore, if we assume that the scant evidence of plaintiff's guaranty of payment gave him an insurable interest in the vehicle, there was not one word of testimony that plaintiff had been obliged to pay any part of his guaranty or that any demand had been made upon him to pay. He did not prove one dollar of loss to himself. Plaintiff relies on *Hassett v. Pennsylvania Fire Ins. Co.,* 1929, 150 Wash 502, 273 P 745, to support his claims that as a guarantor he had an insurable interest in the property. But that opinion also says "* * * and [plaintiff] having been compelled to make good under his guaranty to his assignee, is entitled to maintain this action." 150 Wash 508, 273 P 747. For a comprehensive analysis of the prerequisites of subrogation see *Hult v. Ebinger,* 1960, 222 Or 169, 186, 187, 352 P2d 583. The motion for directed verdict should have been allowed.

The judgment is affirmed.