[No. 7342-7-I. Division One. March 31, 1980.]

GENE LEONARD, ET AL, *Appellants,* v. CIVIL SERVICE COMMISSION OF THE CITY OF SEATTLE, ET AL, *Respondents.*

700

*Richard D. Eadie* and *Julin, Fosso & Sage,* for appellants.

*Douglas N. Jewett, City Attorney,* and *P. Stephen DiJulio, Assistant,* for respondents.

DURHAM–DIVELBISS, J.—Appellants, Seattle city employees, filed a petition for certiorari with the King County Superior Court, asking for review of a decision by the Seattle Civil Service Commission not to reclassify their jobs. They appeal from a refusal of the Superior Court to issue the writ.

The appellants are employed by the City of Seattle as "assistant civil engineers." They requested the Seattle Civil Service Commission (Commission) to reclassify their job level to that of "associate civil engineers." The Commission staff performed an investigation and issued a report recommending that the jobs not be reclassified. The Commission adopted this recommendation following a hearing at which both employees and the staff testified.

The employees then filed a petition for a writ of certiorari with the King County Superior Court, alleging that the Commission's denial of their request was in violation of the civil service laws and regulations governing job classification. The petition asserted that the employees had a fundamental right to have the Commission abide by its own rules and regulations, and that its failure to do so was reviewable by the courts. The Commission, at the hearing on the application for the writ, argued that the classification of civil service jobs was a purely discretionary function, not subject to judicial review. The court refused to take jurisdiction because the petition did not specify which laws or regulations applied to the job classification function, nor how the Commission had allegedly violated them.

The appellants first argue that a decision by the Civil Service Commission to maintain a civil service job within a particular classification is a discretionary administrative act which is subject to judicial review.

The Commission must, of necessity, exercise discretion when determining the proper classification of civil service jobs. That discretion, however, is not unlimited. The rule in Washington is that a court may review the acts of an administrative agency "to determine if its *conclusions* may be said to be, *as a matter of law*, arbitrary, capricious, or contrary to law." *Helland v. King County Civil Serv. Comm'n*, 84 Wn.2d 858, 862, 529 P.2d 1058 (1975), quoting with approval from *Reiger v. Seattle*, 57 Wn.2d 651, 359 P.2d 151 (1961). We believe that the employees' contention that they have a "fundamental right," enforceable by judicial review, to have the Commission abide by its rules and

regulations is simply another way of expressing the same standard. *Wilson v. Nord,* 23 Wn. App. 366, 372, 597 P.2d 914 (1979).

█ It is indisputable that this standard applies to the classification of civil service jobs. In *State ex rel. Reilly v. Civil Serv. Comm'n,* 8 Wn.2d 498, 112 P.2d 987, 134 A.L.R. 1100 (1941), police officers sought to force the Spokane Civil Service Commission to reclassify certain positions in the police department. Although admitting that, in general, "the discretionary power of the board . . . is not subject to review" the court held that it could intervene if the action taken was "arbitrary or capricious." *State ex rel. Reilly v. Civil Serv. Comm'n, supra* at 501, quoting with approval from *State ex rel. Yeargin v. Maschke,* 90 Wash. 249, 155 P. 1064 (1916).

This court recently applied the same standard of review to a classification decision made by the Seattle Civil Service Commission. *Dulmage v. Seattle,* 19 Wn. App. 932, 578 P.2d 875 (1978). We see no reason why the Commission's action in this case should not also be subject to such review.

Appellants next assign error to the dismissal of the application for certiorari due to the failure to allege specific regulations governing job classification and the manner in which they were violated.

The employees' petition alleged that the Commission "acted arbitrarily and capriciously and has improperly applied the law and charter of the City of Seattle, and the Rules of the Civil Service Commission." The court, at the conclusion of the hearing on the application for the writ, stated that these allegations were insufficient to permit it to take jurisdiction:

> If the appropriate standard for a court to utilize . . . is that the petition in itself sets any set of facts under which relief can be granted, . . . then obviously the petitioner should prevail. . . . I am of the view that this is not necessarily the standard. . . . There has to be something more than a simple conclusionary statement in the petition.

■ We think it clear that, under normal rules of pleading, the employees' petition sufficiently states a claim upon which relief can be granted. "The only issue before the trial judge is whether it can be said there is no state of facts which plaintiff could have proven entitling him to relief under his claim." *Contreras v. Crown Zellerbach Corp.*, 88 Wn.2d 735, 742, 565 P.2d 1173 (1977).

The Commission argues that the standard for determining if a petition for certiorari states a claim upon which relief may be granted is more stringent than that applicable to civil actions under CR 12(b)(6). This is necessary, it is asserted, because "[i]n the absence of specific allegations, the nature and extent of the review ceases to be limited and invites the court to substitute its judgment for that of the inferior tribunal . . ." *Lee v. Provo City Civil Serv. Comm'n*, 582 P.2d 485, 486 (Utah 1978).

It is true that the standard of review of an administrative action is a narrow one, and that "the agency will seldom be reversed and jurisdiction to review will seldom be granted." *Wilson v. Nord, supra* at 373. That does not, however, justify denying review to one with a valid claim, merely because of generally drawn pleadings.

In *State ex rel. West v. Seattle*, 50 Wn.2d 94, 309 P.2d 751 (1957), a Seattle civil service employee sought judicial review of her dismissal from her job. The defendant Commission demurred to the petition for certiorari. In reversing the trial court, our State Supreme Court stated that "[i]t is but trite to say that if the facts pleaded show any ground of relief, the general demurrer must be overruled." *State ex rel. West v. Seattle, supra* at 96. We see no reason to adopt a rule different from that one.

It was error for the court to deny the application for the writ. The proper course would have been to order the record of the hearing before the Commission to be sent up for review, and permit the employees, before hearing the case on the merits, to amend the petition to state more specifically how the Commission's decision was contrary to

law. *Janosky v. Preferred Ins. Exch.*, 52 Wn.2d 801, 803, 329 P.2d 207 (1958).

The order dismissing the employees' application for a writ of certiorari is reversed.

JAMES, A.C.J., and ANDERSEN, J., concur.

Reconsideration denied June 4, 1980.

Review denied by Supreme Court September 5, 1980.